**Beverly NYGAARD, as Administratrix of the Estate of Michael Clyde Sullivan, deceased, Plaintiff-Appellant,**

v.

**PETER PAN SEAFOODS, INC., Defendant-Appellee.**

No. 81–3472.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 1, 1982.

Decided March 4, 1983.

Moshe Judah Genauer, Weckworth, Barer & Meyer, Seattle, Wash., for plaintiff-appellant.

Katherine M. Peters, Michael H. Williamson, Madden, Poliak, MacDougall & Williamson, Seattle, Wash., for defendant-appellee.

Before KENNEDY and SKOPIL, Circuit Judges, and JAMESON,* District Judge.

KENNEDY, Circuit Judge:

This action was brought in the district court on behalf of the decedent's estate and his son, Michael Sullivan, Jr. (Mike Jr.), for the death of Michael Sullivan, Sr., a seaman lost from appellee Peter Pan Seafoods, Inc.'s fishing vessel F/V SEVEN SEAS in the Bering Sea. Jurisdiction was based on the Death on the High Seas Act (DOHSA), 46 U.S.C. §§ 761–768, the Jones Act, 46 U.S.C. § 688, and general maritime law.

The district court ordered bifurcation of the trial, and Peter Pan's liability and the amount of damages for the estate and Mike Jr. were tried in turn to the court. The court found Peter Pan liable, but ruled that recovery should be reduced 50 percent because of Sullivan's contributory negligence. *Nygaard v. Peter Pan Seafoods, Inc.,* 508

* Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation.

F.Supp. 151 (W.D.Wash.1981). This aspect of the judgment has not been appealed. As to damages, the court allowed recovery only for decedent's pain and suffering prior to death, and for Mike Jr.'s loss of support. On appeal the administratrix claims the court erred in holding that damages for Mike Jr.'s loss of society are not recoverable, in finding that loss of inheritance was not established, and in failing to make findings on damages from loss of nurture.

■ All agree that Sullivan's death is actionable under the Death on the High Seas Act, 46 U.S.C. §§ 761–768. Congress enacted DOHSA in 1920 for the purpose of overturning the harsh holding of *The Harrisburg,* 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358 (1886), that general maritime law affords no remedy for wrongful death. The act permits recovery for death caused by wrongful act, neglect, or default and occurring on the high seas beyond a marine league (three miles) from shore. 46 U.S.C. § 761. DOHSA limits compensation to recovery for pecuniary loss, 46 U.S.C. § 762, however, thus excluding recovery for loss of society. *Mobil Oil Corp. v. Higginbotham,* 436 U.S. 618, 622–23, 98 S.Ct. 2010, 2013– 2014, 56 L.Ed.2d 581 (1978); *Sea-Land Services, Inc. v. Gaudet,* 414 U.S. 573, 586–87, 94 S.Ct. 806, 815–816, 39 L.Ed.2d 9 (1974).

In contending for loss of society, appellant cannot find support from the two recent Supreme Court cases expanding wrongful death remedies under general maritime law. In *Moragne v. States Marine Lines, Inc.,* 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970), the Court overruled *The Harrisburg* and held that an action does lie under general maritime law for death caused by violation of maritime duties. *Id.* at 409, 90 S.Ct. at 1792. In *Sea-Land Services, Inc. v. Gaudet, supra,* the Court further held that under the maritime wrongful death remedy compensation for loss of society is recoverable. 414 U.S. at 584–90, 94 S.Ct. at 814–817. In *Mobil Oil Corp. v. Higginbotham, supra,* however, the Court expressly held that on the high seas DOHSA, not general maritime law, determines the compensability of lost society. 436 U.S. at 623, 98 S.Ct. at 2013.

■ Appellant asserts, however, that loss of society in this case is recoverable under the Jones Act, 46 U.S.C. § 688. Although this precise question has not been addressed by this court, *see Cook v. Ross Island Sand and Gravel Co.,* 626 F.2d 746, 752–53 (9th Cir.1980) (finding no need to address the question in that case), and no Supreme Court authority is expressly on point, we now follow the Fifth Circuit and First Circuit in holding that loss of society is not recoverable.

The Jones Act, amended to its present form shortly after the enactment of DOHSA in 1920, provides a cause of action for personal injuries or death to seamen in the course of their employment. Damages under the Act are expressly governed by federal statutes regulating the rights of action of railway employees (*i.e.,* The Federal Employees' Liability Act, 45 U.S.C. §§ 51–60). F.E.L.A. was interpreted in *Michigan Central Railroad Co. v. Vreeland,* 227 U.S. 59, 33 S.Ct. 192, 57 L.Ed. 417 (1913), to limit damages in wrongful death actions to pecuniary losses and to exclude recovery for loss of society. As a result, courts faced with the issue historically have held that non-pecuniary losses are not recoverable under the Jones Act. *See, e.g., Petition of M/V Elaine Jones,* 480 F.2d 11, 32 (5th Cir.1973), *reh. granted,* 513 F.2d 911, *cert. denied,* 423 U.S. 840, 96 S.Ct. 71, 46 L.Ed.2d 60 (1975); *Igneri v. Cie. de Transports Oceaniques,* 323 F.2d 257, 266 (2d Cir.1963), *cert. denied,* 376 U.S. 949, 84 S.Ct. 965, 11 L.Ed.2d 969 (1964); *Cleveland Tankers, Inc. v. Tierney,* 169 F.2d 622 (6th Cir.1948).

Appellant asserts that in light of *Moragne* and *Gaudet,* both discussed above, the rule should be different. The reinterpretation of the Jones Act to allow recovery for non-pecuniary losses, it is argued, would be more in keeping with the humanitarian policies embodied in the expansion of compensability under general maritime law. Both circuits that have considered this question subsequently to *Moragne* and *Gaudet,* however, have declined to take this path.

In *Ivy v. Security Barge Lines, Inc.,* 606 F.2d 524 (5th Cir.1979) (en banc), *cert. denied,* 446 U.S. 956, 100 S.Ct. 2927, 64 L.Ed.2d 815 (1980), the Fifth Circuit expressly found that *Moragne* and *Gaudet* did not compel a departure from settled Jones Act jurisprudence. *Id.* at 525. Neither *Moragne* nor *Gaudet* involved a Jones Act seaman, the court pointed out, and neither case "intimates even in dicta a change in the Jones Act rule." *Id.* at 527. Although the court went on to read *Higginbotham*'s silence on the Jones Act as an implicit ruling against recovery for non-pecuniary injury under that act, a proposition rendered less forceful by the subsequent questioning language of the plurality in *American Export Lines, Inc. v. Alvez,* 446 U.S. 274, 100 S.Ct. 1673, 64 L.Ed.2d 284 (1980), the main thrust of the court's argument is adequate to support its conclusion.

In *DoCarmo v. F.V. Pilgrim I. Corp.,* 612 F.2d 11 (1st Cir.1979), *cert. denied,* 446 U.S. 956, 100 S.Ct. 2928, 64 L.Ed.2d 815 (1980), the First Circuit followed *Ivy* even though it placed less reliance on *Higginbotham.* The court pointed out that Congress must have been conscious of *Vreeland* when it enacted the relevant portion of the Jones Act in 1920 and suggested that arguments concerning any injustice perpetrated by the rule against recovery for non-pecuniary losses should be addressed to Congress. 612 F.2d at 13 n. 3.

Deference to the First and Fifth Circuits, and the persuasive force of these precedents, lead us to agree. *Moragne* and *Gaudet* are authorities simply too oblique to justify a departure from settled law. We hold that non-pecuniary losses, such as loss of society in this case, may not be recovered under the Jones Act. The trial court's ruling to this effect is affirmed.

■ Appellant argues that recovery for loss of society can be based alternatively on Alaska's wrongful death statute, which appellant asserts applies on the high seas where Sullivan's death occurred. *See* Alaska Stat. § 44.03.010. That argument is precluded, however, by the logical import of our holding in *Nelson v. United States,* 639 F.2d 469 (9th Cir.1980), that the need for uniformity in wrongful death actions requires the preemption of state wrongful death statutes by general maritime law. 639 F.2d at 473; *accord In re S/S Helena,* 529 F.2d 744, 753 (5th Cir.1976). If the federal remedial scheme for death within state territorial waters takes precedence over state remedies, then certainly the federal remedial scheme for death on the high seas, where the primacy of federal interests is far clearer, should also take precedence. Were this not the case, state law would not operate in territorial waters, because preempted by general maritime law, but could be extended to the high seas, a result as damaging to uniformity in wrongful death actions as it is illogical. We hold, therefore, that where it is applicable, the Death on the High Seas Act preempts state wrongful death statutes. Alaska's wrongful death statute affords appellant no relief in the case before us.

■ We consider next the trial court finding that loss of inheritance was not established on the facts of this case. Loss of inheritance is a pecuniary loss recoverable under DOHSA where it is probable that the decedent, but for his death, would have accumulated property that would have been inherited by the beneficiaries of the action. *See Solomon v. Warren,* 540 F.2d 777, 790–91 (5th Cir.1976), *reh. denied,* 545 F.2d 1298, *cert. dismissed sub nom. Warren v. Serody,* 434 U.S. 801, 98 S.Ct. 28, 54 L.Ed.2d 59 (1977). The district court, however, found any inheritance by Mike Jr. to be pure speculation and denied recovery.

■ On the evidence, we cannot say the district court's conclusion was clearly erroneous. *See* Fed.R.Civ.P. 52. The court had before it testimony that a downturn in the decedent's industry was forthcoming, that the condition of the decedent's knees may soon have prevented his fishing on deck, and that the decedent's spending patterns and the like were such that a probability of accumulated savings was slight. The evidence amply supports a conclusion that there was no reasonable probability that Sullivan would have earned and saved money that Mike Jr. would have inherited.

We do find one aspect of the judgment, however, that requires further attention by the trial court. Loss of nurture is a pecuniary loss recoverable under DOHSA. *Solomon v. Warren, supra* at 788; *Moore-McCormack Lines, Inc. v. Richardson,* 295 F.2d 583, 593 n. 9a (2d Cir.1961), *cert. denied,* 368 U.S. 989, 82 S.Ct. 606, 7 L.Ed.2d 526, *cert. denied,* 370 U.S. 937, 82 S.Ct. 1577, 8 L.Ed.2d 806, *reh. denied,* 370 U.S. 965, 82 S.Ct. 1580, 8 L.Ed.2d 835 (1962). The district court's memorandum gives no indication that the court addressed this aspect of damages. Failure to determine whether Mike Jr. is entitled to recovery for loss of nurture was error. The case must therefore be remanded to the district court for that determination.

With respect to recovery for loss of society and recovery for lost inheritance, the district court is affirmed. With respect to recovery for loss of nurture, the order of the district court is vacated, and the case is remanded for further proceedings.

AFFIRMED IN PART AND REMANDED.