Terry **VAN RYN**, Plaintiff,

v.

**KOREAN AIR LINES et al.,**
**Defendants.**

**No. CV 84–6525 PAR.**

United States District Court,
C.D. California.

Feb. 25, 1985.

Patrick T. Hall, Kutsko, Moran & Mullin, San Francisco, Cal., Thomas E. Malley, Waldo & Malley, Camarillo, Cal., for plaintiff.

Roderick D. Margo, Condon & Forsyth, Los Angeles, Cal., for defendant.

**ORDER RE: EX PARTE APPLICATION**
**FOR RECONSIDERATION**

RYMER, District Judge.

On September 6, 1984, defendants in the above-captioned action removed the case to this Court on the ground that plaintiff's claim under California's wrongful death statute was preempted by the Warsaw Convention, October 12, 1929, 49 Stat. 3000, T.S. No. 876 (1934), *reprinted at* 49 U.S.C. Sec. 1502 note, and the Death on the High Seas Act, 46 U.S.C. Secs. 761 to 768. On September 17, 1984, plaintiff moved to re-

mand the case to state court. After hearing oral argument on October 17, 1984, the Court requested and received supplementary briefing from the parties on the preemption issue. In a memorandum of decision and order entered January 17, 1985, the Court ruled that neither the Death on the High Seas Act nor the Warsaw Convention provides plaintiff with her exclusive cause of action, and ordered that the action be remanded to the Superior Court for the County of Los Angeles. The Clerk of the Court mailed a notice of entry of the remand order to the clerk of the state court on January 18, 1985, but a certified copy of the order itself has never been mailed.

On February 15, 1985, defendant, having unsuccessfully sought a stay order from the Ninth Circuit on January 22, 1984, brought an ex parte application for reconsideration. Defendant argued that, notwithstanding the Court's order of remand a month before, this Court still had jurisdiction over the action because no certified copy of the order had been sent to the court clerk for Los Angeles Superior Court. On the merits of its motion, defendant urged the Court to reconsider its ruling regarding the Death on the High Seas Act in light of *Nygaard v. Peter Pan Seafoods, Inc.*, 701 F.2d 77, 80 (9th Cir.1983), a case not previously brought to the Court's attention.[1] After engaging in a reported discussion with counsel for both parties, the Court issued a stay order, 640 F.Supp. 283 (C.D.Cal.1986), prohibiting the Clerk of this Court from performing any act in connection with this suit in order to preserve the Court's ability to consider its own jurisdiction. The stay expired at 4:30 p.m. on February 22, 1985.

The initial question raised by defendant's ex parte application is whether the Court still has jurisdiction over this action pursuant to 28 U.S.C. Sec. 1447(c). Policy, intuition, and the most recent cases support the conclusion that it does not. As a matter of policy, the limited jurisdiction of federal courts suggests that the state court's juris-

diction vests as soon as the federal court orders that removal was not proper. Strictly construing federal jurisdiction is particularly appropriate given section 1447(d)'s command that the remand decision should not be reviewable on appeal *or otherwise*, indicating Congress' intent that "the district court [should have] one shot, right or wrong," in a motion to remand. *See FDIC v. Santiago Plaza*, 598 F.2d 634 (1st Cir.1979). Logic also indicates that it should be the action of a court (entering an order of remand) rather than the action of a clerk (mailing a certified copy of the order) that should determine the vesting of jurisdiction. Finally, in *Johnson v. Estelle*, 625 F.2d 75 (5th Cir.1980), the court stated that "substance should prevail over form" in determining when state jurisdiction vests under section 1447(c), and therefore the state court had jurisdiction once a written order of remand was entered. 625 F.2d at 78. *See also Three J. Farms, Inc. v. Alton Box Board Co.*, 609 F.2d 112, 115 (4th Cir.1979) ("the entry of the order of remand" divested the district court of jurisdiction to act).

■ For these reasons, the Court believes that it was divested of jurisdiction on January 17, 1985. However, the issue is not entirely free from doubt. First, on its face, the language of section 1447(c) appears to require a certified copy of the order for state jurisdiction to resume. Second, the only Ninth Circuit authority on the issue, *Bucy v. Nevada Construction Co.*, 125 F.2d 213 (9th Cir.1942), stated that while it was unlikely "that the federal court had power ... to vacate an order of remand after it has been executed by the filing in the state court of a certified copy of the order," before the order is executed, "the court may, in its discretion, grant a rehearing upon a sufficient cause shown." *Id.* at 217–18.

■ Assuming *arguendo*, therefore, that *Bucy*'s statement would constrain the Court to find jurisdiction, the Court in its discretion could "grant a rehearing upon a

---

1. For the consequences of the failure of parties to present cases to the court at the time of

disposition, *see, e.g., United States v. Ordonez,* 737 F.2d 792, 803 n. 1 (9th Cir.1984).

sufficient cause shown." Such a showing has not been made in this case. "Sufficient cause" for a motion to reconsider requires that one of three conditions be met: first, that there is a material difference in fact or law from that presented to the Court, that in the exercise of reasonable diligence could not have been known to the moving party at the time of the decision; second, that new material facts have emerged or the law has changed; or third, that the Court manifestly failed to consider material facts presented to it. *See* Local Rule 7.16.

The last two conditions clearly do not apply to the case at bar, since the *Nygaard* decision was issued nearly two years before the Court's ruling, and it was not cited in any of defendant's pre-February 1985 memoranda on the issue. Defendant might have asserted that, in the exercise of reasonable diligence, its counsel could not have previously discovered *Nygaard*. However, no evidence is proferred that would support this finding.[2]

Thus, the Court does not believe that it has jurisdiction; but assuming that it does, defendant's motion to reconsider is denied for failure to meet any of the grounds provided in Local Rule 7.16.

---

**2.** Had *Nygaard* been called to the Court's attention, it certainly would have been considered. Without the benefit of argument by counsel for either party, the Court is unable to speculate whether *Nygaard* would have made a difference; the Court notes, however, that there is no indication on the record before it that the Death on the High Seas Act is otherwise applicable to this action.