[No. B205945. Second Dist., Div. Four. Mar. 19, 2009.]

SPANAIR S.A. et al., Plaintiffs and Appellants, v.
McDONNELL DOUGLAS CORPORATION et al., Defendants and
Respondents.

## COUNSEL

Barger & Wolen, John C. Holmes, Andrew S. Williams; Kaplan, von Ohlen & Massamillo, Larry S. Kaplan, Telly Andrews and Daniel V. Santiago for Plaintiffs and Appellants.

Reed Smith, Marilyn A. Moberg, Tamara M. Rudolph and Raymond A. Cardozo for Defendant and Respondent Honeywell International, Inc.

Mendes & Mount, James W. Hunt and Christopher S. Hickey for Defendants and Respondents Aircraft Braking Systems Corporation and K&F Industries, Inc.

Mendes & Mount, Alan H. Collier and Aghavni V. Kasparian for Defendant and Respondent Goodrich Corporation.

Perkins Coie and Ronald A. McIntire for Defendants and Respondents McDonnell Douglas Corporation and The Boeing Company.

Allen Matkins Leck Gamble Mallory & Natsis, A. Kristine Floyd and Monica J. Zi for Defendant and Respondent Lockheed Martin Corporation.

## OPINION

**WILLHITE, Acting P. J.**—This appeal comes to us after an action was dismissed under Code of Civil Procedure sections 583.410 (hereafter, section 583.410) and 583.420 (hereafter, section 583.420) for failure to bring the matter to trial within three years of commencement of the action. The case presents an issue of federal law about which the federal courts, as well as state courts that have examined the issue, conflict. That issue concerns when a state court reassumes jurisdiction over a matter that has been removed to federal court and then remanded under title 28, section 1447 of the United

States Code (hereafter, section 1447). Based upon the language and history of section 1447, we hold that jurisdiction is not transferred back to the state court until the clerk of the federal district court mails a certified copy of the order of remand to the clerk of the superior court.

Having concluded that the superior court did not have jurisdiction over the matter during the period from the removal of the action to federal court until the district court clerk mailed a certified copy of the remand order to the superior court clerk, we next address an issue of state law. We must determine whether that time period must be excluded when determining if the action may be dismissed under section 583.420, regardless of the plaintiffs' diligence, or lack thereof, to ensure that the district court clerk mails the certified remand order to the superior court clerk. Once again, we are bound by the language of the relevant statute, in this instance Code of Civil Procedure section 583.340 (section 583.340). That statute provides, without qualification, that the time during which the jurisdiction of the trial court was suspended "shall be excluded" when computing the time within which an action must be brought to trial. Therefore, we hold that the trial court erred by dismissing this matter for delay in prosecution, because the court's jurisdiction was suspended for all but seven months of the period between the filing of the complaint and entry of the dismissal order.

## BACKGROUND

Plaintiffs—a foreign air carrier and several insurers[1]—filed this action on May 10, 2004, alleging causes of action against numerous defendants for product liability, strict liability, and equitable indemnity arising out of an incident in which the landing gear on an aircraft collapsed upon landing in 2001. Two of the defendants, McDonnell Douglas Corporation (MDC) and The Boeing Company (Boeing) filed a notice of removal in federal court on August 6, 2004. All of the defendants who had been served at that time— Goodrich Corporation; Lockheed Martin Corporation; Honeywell International, Inc.; and K&F Industries—filed joinders to the notice of removal. MDC and Boeing filed copies of the notice of removal and joinders in the state court on August 9, 2004.

---

[1] The plaintiffs are: Spanair S.A.; Finova Capital PLC; Underwriting Members of Lloyd's Subscribing to Policy Numbers AK0026631 and AK9926632; Assurances Generales de France Marine Aviation Transport SA, Paris France, (UK Branch) Per: Westminster Aviation Insurance Group, London, U.K.; British Aviation Insurance Group CC, London; Great Lakes Reinsurance (UK) PLC; Assurance France Aviation; Allianz Globus Mat Versicherungs - Artiengesellsch - Aktiengesellschaft, Hamburg, Germany; ERC Frankona Ruck Versicherungs A.G.; General Insurance Corporation of India; International Insurance Company of Hannover, London, U.K. (Scandinavian Branch); La Reunion Aerienne; Polygon Insurance Company Limited; Harlequin Insurance PCC Limited; Musini; and Banco Vitalicio de Espana S.A.

Plaintiffs moved in federal court to remand the action back to state court on August 18, 2004. The federal district court granted plaintiffs' motion on December 3, 2004, and its order was entered on December 7, 2004. Apparently, the district court clerk neglected to send a certified copy of the remand order to the superior court clerk.

Although some of the parties engaged in minimal discovery shortly after the remand order was filed in federal court, no notice of the remand was given to the superior court until September 5, 2007,[2] when plaintiffs made an ex parte application for an order resetting the action on the court's active docket and setting a case management conference. At the hearing on the ex parte application, plaintiffs' attorney explained that the case had been "in limbo" for more than two years due to the district court clerk's failure to send a certified copy of the remand order, and he was not certain what needed to be done to reactivate the case in state court. The trial court denied the ex parte application on the ground that plaintiffs had not shown good cause as to why the matter should be heard on an ex parte basis.

After the hearing, plaintiffs' counsel called the district court clerk to inquire about the status of the case. This call apparently prompted the clerk to send a certified copy of the remand order to the superior court, which received it on September 14, 2007. On October 26, 2007, all of the served defendants (which then also included Aircraft Braking Systems Corporation) filed a joint motion to dismiss the action under sections 583.410 and 583.420.

In their joint motion, defendants argued that the state court reassumed jurisdiction over the action as soon as the remand order was entered by the district court in December 2004, and that dismissal was appropriate because plaintiffs had not exercised reasonable diligence in bringing their action to trial in the almost three years that had passed since the remand. In opposition to the motion, plaintiffs noted that a majority of federal courts that have considered the question of when jurisdiction is transferred back to the state court upon remand have held that jurisdiction is transferred only when the district court clerk mails a certified copy of the remand order to the state court clerk. Therefore, plaintiffs contended that the state court's jurisdiction over the present action was suspended for all but a few months since the filing of the complaint, and dismissal for failure to prosecute would be improper.

The trial court granted defendants' joint motion. The court noted the split of federal authorities regarding the jurisdiction issue, and found the reasoning

---

[2] The parties exchanged meet and confer letters through May 2005, at which time counsel for MDC and Boeing, who intended to file a motion to compel further responses, suggested that the deadline to bring such a motion be extended until "after the case has been remanded to state court."

of one of the minority view cases, *Van Ryn v. Korean Air Lines* (C.D.Cal. 1985) 640 F.Supp. 284 (*Van Ryn*), to be "most germane to this case." In that case, the district court held it was divested of jurisdiction upon entry of the order of remand because " 'substance should prevail over form,' " and "the action of a court (entering an order of remand) rather than the action of a clerk (mailing a certified copy of the order) . . . should determine the vesting of jurisdiction." (*Id.* at p. 285.) Applying that holding to the present case, the court concluded that jurisdiction was returned to it upon entry of the district court's order in December 2004, and therefore more than three years had elapsed since the filing of the case. The court then considered several factors, including plaintiffs' diligence, in determining whether to exercise its discretion to dismiss the action under sections 583.410 and 583.420. Finding that plaintiffs did nothing in three years to pursue their case, the court dismissed the case with prejudice.

Plaintiffs appeal from the order dismissing their action.

## DISCUSSION

■ Section 583.410, subdivision (a) provides that a "court may in its discretion dismiss an action for delay in prosecution pursuant to this article on its own motion or on motion of the defendant if to do so appears to the court appropriate under the circumstances of the case." There are limits, however, to the court's discretion to dismiss for delay in prosecution. Under section 583.420, subdivision (a), the court may not dismiss an action under section 583.410 unless one of several conditions has occurred. The condition at issue in the present case is found in section 583.420, subdivision (a)(2)(A): failure to bring the case to trial within three years after the action is commenced.[3]

Subdivision (b) of section 583.420 provides that the times set forth in subdivision (a) are to be computed in accordance with various other statutes, including section 583.340. Section 583.340 provides: "In computing the time within which an action must be brought to trial pursuant to this article, there shall be excluded the time during which any of the following conditions existed: [¶] (a) The jurisdiction of the court to try the action was suspended. [¶] (b) Prosecution or trial of the action was stayed or enjoined. [¶] (c) Bringing the action to trial, for any other reason, was impossible, impracticable, or futile."

---

[3] The parties focus on the three-year period of section 583.420, subdivision (a)(2)(A), although defendants note that the two-year period found in rule 3.1340(a) of the California Rules of Court could be applied. For the purposes of our analysis, it does not matter which period applies because the time during which the trial court had jurisdiction was either less than two years (if plaintiffs' argument is correct) or more than three years (if defendants' argument is correct).

Plaintiffs argue that the trial court was required to exclude from its computation of the three-year period the time that elapsed from defendants' filing of their notice of removal on August 6, 2004, until the district court clerk mailed the certified copy of the remand order on September 14, 2007, because the state court was without jurisdiction during that time. In making this argument, plaintiffs rely upon the language of section 1447 and the majority of federal cases that have addressed when a federal court loses jurisdiction over a case that is remanded to state court.

Defendants urge this court to follow the minority of federal courts that have held that the entry of a remand order terminates the federal court's jurisdiction, because to hold otherwise would "elevate form over substance." They also argue that plaintiffs could have contacted the district court clerk at any time to ask that the certified copy of the remand order be mailed to the state court. They contend that the time after the remand order was entered should not be excluded from the three-year period in accordance with California cases that hold that only the time during which it was impossible for the plaintiffs to advance the case should be excluded from the three-year period for discretionary dismissal (or the five-year period for mandatory dismissals under Code Civ. Proc., § 583.360).

We decline to follow the minority view of section 1447, because it is contrary to the language and history of that statute. Moreover, we reject defendants' contention that the time during which the state court's jurisdiction was suspended should not be excluded when computing the three-year period if the plaintiffs were not diligent in asking the district court clerk to comply with section 1447.

## A. *Transfer of Jurisdiction*

■ The federal statutes governing the process for removal of a civil action originally filed in state court, and the procedure after removal, expressly tie the suspension and reacquisition of the state court's jurisdiction to the notice given the state court of removal and remand. Title 28, section 1446 of the United States Code provides that a defendant desiring to remove a civil action from a state court must file in the district court a notice of removal (28 U.S.C. § 1446(a)), and "[p]romptly after the filing of such notice of removal . . . the defendant or defendants shall give written notice thereof to all adverse parties and *shall file a copy of the notice with the clerk of such State court, which shall effect the removal* and the State court shall proceed no further unless and until the case is remanded" (28 U.S.C. § 1446(d), italics added). Section 1447 provides that "[i]f at any time before final judgment it

appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . . *A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.*" (§ 1447(c), italics added.)

■ Thus, according to the plain language of these statutes, the state court's jurisdiction is suspended when the defendant seeking removal gives notice to the state court clerk, and it is reacquired when the district court clerk gives notice to the state court clerk in the form of a certified copy of the remand order.[4] Despite the plain language of section 1447, however, a few federal courts have stated, usually in the context of holding that the district court had no jurisdiction to entertain a motion to reconsider a remand order, that the federal court is divested of jurisdiction immediately upon entry of the order remanding the matter to state court. (See, e.g., *In re Lowe* (4th Cir. 1996) 102 F.3d 731, 735–736 (*Lowe*); *Three J Farms, Inc. v. Alton Box Board Co.* (4th Cir. 1979) 609 F.2d 112, 115; *Van Ryn, supra,* 640 F.Supp. at p. 285.) A few other federal courts, and some state courts, have reached similar conclusions in circumstances (unlike those in the present case) in which the parties litigated the case in state court after the remand order was entered, even though the district court clerk did not send a certified copy of the order to the state court clerk, and the losing party challenged the judgment on appeal on the ground that the state court never reacquired jurisdiction. (See, e.g., *Johnson v. Estelle* (5th Cir. 1980) 625 F.2d 75, 78; *Health for Life Brands, Inc. v. Powley* (2002) 203 Ariz. 536, 540 [57 P.3d 726]; *State v. City of Albuquerque* (1993) 119 N.M. 169, 171–172 [889 P.2d 204]; *Citizens Bank & Trust Co. v. Carr* (La.Ct.App. 1991) 583 So.2d 864, 866.)

But the vast majority of federal courts that have considered the issue, as well as many state courts, have followed the plain language of section 1447 and concluded that jurisdiction is not returned to the state court until the district court clerk mails a certified copy of the remand order to the clerk of the state court. (See, e.g., *Trans Penn Wax Corp. v. McCandless* (3d Cir. 1995) 50 F.3d 217, 227 (*Trans Penn*); *Hunt v. Acromed Corp.* (3d Cir. 1992) 961 F.2d 1079, 1081; *Seedman v. U.S. Dist. Court for Cent. D. of Cal.* (9th Cir. 1988) 837 F.2d 413, 414; *Browning v. Navarro* (5th Cir. 1984) 743 F.2d 1069, 1078; *Federal Deposit Ins. Corp. v. Santiago Plaza* (1st Cir. 1979) 598 F.2d 634, 636; *In re La Providencia Development Corporation* (1st Cir. 1969) 406 F.2d 251, 252; *Hubbard v. Combustion Engineering, Inc.* (E.D.Mich. 1992)

---

[4] We note that both parties incorrectly state that removal (and thus suspension of jurisdiction) took effect on August 6, 2004, when defendants filed their notice of removal in federal court. The notice of removal was not filed in state court until August 9, 2004. Therefore, the state court's jurisdiction was not suspended until the later date.

794 F.Supp. 221, 222; *Cook v. J.C. Penney Co., Inc.* (D.C.Iowa 1983) 558 F.Supp. 78, 79; *State ex rel. Nixon v. Moore* (Mo.Ct.App. 2003) 108 S.W.3d 813, 817–818; *Quaestor Investments v. State of Chiapas* (Tex. 1999) 997 S.W.2d 226, 229 [disapproving prior cases holding that jurisdiction revests in state court when federal court enters remand order]; *Blazer Elec. Supply Co. v. Bertrand* (Colo.Ct.App. 1998) 952 P.2d 857, 859; *State v. Lehman* (1979) 203 Neb. 341, 349 [278 N.W.2d 610].) This conclusion is consistent not only with the statutory language, but also with its history.

Before 1948, the statute governing remand stated in relevant part, "Whenever any cause shall be removed from any State court into any district court of the United States, and the district court shall decide that the cause was improperly removed, and order the same to be remanded to the State court from whence it came, *such remand shall be immediately carried into execution*, and no appeal . . . from the decision of the district court so remanding such cause shall be allowed." (Judicial Code of 1911, § 28, italics added; see also 28 U.S.C. § 71 (1940).) In 1948, Congress revised title 28 of the United States Code, and placed the procedures governing remand in section 1447. In doing so, Congress deleted the former provision stating that the "remand shall be immediately carried into execution," replacing it with a command that the district court clerk mail a certified copy of the remand order to the state court clerk, and providing that "[t]he State court may thereupon proceed with [the] case." (§ 1447, as enacted June 25, 1948, ch. 646, 62 Stat. 939.) Although some courts—including the Ninth Circuit— had interpreted even the former provision as requiring a certified copy of the remand order to be filed with the clerk of the state court before jurisdiction was transferred (see, e.g., *Bucy v. Nevada Const. Co.* (9th Cir. 1942) 125 F.2d 213, 217), the new statutory language makes that requirement explicit.

■ We understand the arguments against such an interpretation of section 1447(c): that conditioning the transfer of jurisdiction on the mailing of a certified copy of the remand order elevates form over substance (see *In re Lowe, supra*, 102 F.3d at p. 735), and that thorny questions of jurisdiction can arise if, without the mailing of a certified copy of the remand order, the state court nonetheless proceeds with the case, perhaps even to judgment (see *State ex rel. Nixon v. Moore, supra*, 108 S.W.3d at pp. 817–818, and cases there cited). But the history and plain language of section 1447(c), leave no doubt that Congress made the mailing of a certified copy of the remand order the "determinable jurisdictional event after which the state court can exercise control over the case without fear of further federal interference." (*Trans Penn, supra*, 50 F.3d at p. 225.) Though legitimate questions may be asked as to the wisdom of that rule, we decline to second-guess Congress by rewriting the statute. (See *Unzueta v. Ocean View*

*School Dist.* (1992) 6 Cal.App.4th 1689, 1698 [8 Cal.Rptr.2d 614] [construing statute to avoid absurd result "should be used most sparingly by the judiciary and only in extreme cases"].) Thus, we hold that jurisdiction was not returned to the state court until September 2007, when the district court clerk mailed a certified copy of the remand order to the superior court.

## B. *Application of the Section 583.340 Suspension of Jurisdiction Exclusion*

Defendants contend that plaintiffs are not entitled to exclusion of the time period after the federal court entered its remand order in computing the three-year period under section 583.420, because it was within plaintiffs' power to prompt the district court clerk to send the certified remand order to the state court clerk. They argue that the exclusion found in section 583.340, subdivision (c)—which excludes any time during which "[b]ringing the action to trial, *for any other reason,* was impossible, impracticable, or futile" (italics added)—implies that the other two exclusions—i.e., while jurisdiction is suspended (§ 583.340, subd. (a)) or while prosecution was stayed or enjoined (§ 583.340, subd. (b))—also were intended to apply only to situations in which it was impossible for the plaintiff to advance the cause. We disagree.

Defendants are correct that one purpose of the dismissal statutes is to " 'compel[] every person who files an action to prosecute it with promptness and diligence.' " (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 332 [216 Cal.Rptr. 718, 703 P.2d 58].) Defendants also are correct that the exclusions set forth in section 583.340 developed from case law that implied exceptions to the dismissal statutes " 'where, for all practical purposes, going to trial would be impossible, whether this was because of total lack of jurisdiction in the strict sense, or because proceeding to trial would be both impracticable and futile.' " (*Moran v. Superior Court* (1983) 35 Cal.3d 229, 238 [197 Cal.Rptr. 546, 673 P.2d 216], quoting *Christin v. Superior Court* (1937) 9 Cal.2d 526, 532 [71 P.2d 205].) To rely on those implied exceptions, plaintiffs were required to show that they exercised due diligence to expedite their cases at every stage of the proceeding. (*Schwenke v. J & P Scott, Inc.* (1988) 205 Cal.App.3d 71, 77 [252 Cal.Rptr. 91] (*Schwenke*).)

■ But as several courts have noted, the suspension of jurisdiction and stay exclusions are "express statutory exception[s] to the five-year [or three-year] bar, separate and distinct from exceptions based upon impossibility or impracticability. Where lack of jurisdiction is asserted, plaintiff's diligence, or lack thereof, has no place in the analysis." (*Schwenke, supra,* 205 Cal.App.3d at pp. 77–78; see also *Ocean Services Corp. v. Ventura Port Dist.* (1993) 15 Cal.App.4th 1762, 1774 [19 Cal.Rptr.2d 750] (*Ocean Services*); *Brock v. Kaiser Foundation Hospitals* (1992) 10 Cal.App.4th 1790,

1798–1799, fn. 6 [13 Cal.Rptr.2d 678] (*Brock*); *Herring v. Peterson* (1981) 116 Cal.App.3d 608, 616 [172 Cal.Rptr. 240].)

*Ocean Services, supra,* 15 Cal.App.4th 1762, is instructive. In that case, trial of the action was delayed by a stay order issued by the appellate court in a related action. The related action involved an attempt by the defendant in *Ocean Services* to disqualify the plaintiff's trial counsel. After the defendant obtained a preliminary injunction in the related action enjoining counsel from representing the plaintiff, counsel obtained a writ of supersedeas staying the *Ocean Services* action. The disqualification case proceeded to trial, and a judgment was rendered in favor of the attorney. The plaintiff did not dismiss the appeal and vacate the stay, however, until six months later. The defendant moved to dismiss the case for failure to prosecute under the five-year statute (Code Civ. Proc., § 583.310), arguing that the five-year period should not be tolled during the period in which the plaintiff could have dismissed the appeal and vacated the stay. (*Ocean Services, supra,* 15 Cal.App.4th at pp. 1773–1774.)

■ The *Ocean Services* court rejected the defendant's argument, noting that section 583.340, subdivision (b) "is unconditional and is intended to have uniform application. ' "This is consistent with the treatment given other statutory excuses; it increases certainty and minimizes the need for a judicial hearing to ascertain whether or not the statutory period has run." (17 Cal.Law Revision Com. Rep. (Jan. 1984) p. 919.) It also is consistent with the general policy favoring trial over dismissal. ([Code Civ. Proc.,] § 583.130.)' (*Holland* v. *Dave Altman's R. V. Center* (1990) 222 Cal.App.3d 477, 484 [271 Cal.Rptr. 706].)" (*Ocean Services, supra,* 15 Cal.App.4th at p. 1774.) The court concluded, "[t]olling [under the suspended jurisdiction or stay exclusions] is automatic and not subject to a 'reasonable diligence' restriction." (*Id.* at p. 1775; see also *Brock, supra,* 10 Cal.App.4th at p. 1799 [applying "reasonable diligence" requirement to stay exclusion "would render superfluous the separate codification of the stay exclusion"].)

■ In this case, the suspension of the state court's jurisdiction was caused by defendants, when they removed the matter to federal court in August 2004. Plaintiffs had no statutory obligation to expedite the remand. The suspension of jurisdiction continued until the district court clerk complied with section 1447 in September 2007. Exclusion of the time between August 2004 and September 2007 is automatic when computing the three-year period for the purposes of section 583.420. Therefore, at the time the trial court granted defendants' motion to dismiss in January 2008, the court had had jurisdiction over the action for a total of seven months. Accordingly, the court's dismissal of the action under section 583.420 was improper.

## DISPOSITION

The judgment of dismissal is reversed. Plaintiffs shall recover their costs on appeal.

Manella, J., and Suzukawa, J., concurred.

Respondents' petition for review by the Supreme Court was denied June 10, 2009, S172508. Kennard, J., and Baxter, J., did not participate therein.