Filed 6/14/24  Gray v. Citigroup CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| DIANA GRAY,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>CITIGROUP, INC. et al.,<br><br>Defendants and Respondents. | B328089<br><br>(Los Angeles County<br>Super. Ct. No. BC526888) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert S. Draper, Judge.  Affirmed.

Thaler Law, Jesse J. Thaler, for Plaintiff and Appellant.

Bryan Cave Leighton Paisner, Alexandra C. Whitworth, Adam Vukovic, Anna Donald, for Defendants and Respondents.

———————————

Diana Gray (then known as Diana Bogden) was one of many plaintiffs who filed this action in November of 2013, asserting claims arising out of their home loan transactions. The trial court dismissed Gray's case on March 1, 2023, for failure to bring it to trial within five years. On appeal, Gray argues that the court abused its discretion by not excluding from the five-year period certain times when, she asserts, it was impossible or impracticable to bring the case to trial. We find no abuse of discretion, and we affirm the judgment of dismissal.

### *FACTUAL AND PROCEDURAL BACKGROUND*

This is the second time this case has been on appeal. In 2019, we reversed an order denying Gray's motion to set aside a prior dismissal of the case. (*Bogden v. Citigroup, Inc.* (May 30, 2019, B278352 [nonpub. opn.].) That dismissal had occurred as a result of her then-counsel failing to oppose defendants' demurrers and, after the demurrers were sustained with leave to amend, failing to file an amended complaint.

Because this appeal is from an order having nothing to do with the merits of the case, we will only summarize the facts relevant to the dismissal. This case was filed on November 5, 2013, as a mass-joinder action brought on behalf of Gray and 67 other individuals. The original complaint alleged 24 causes of action arising from (1) intentionally placing borrowers, by means of deceptive tactics, into home loans they could not afford; (2) individual appraisal inflation to make it appear that plaintiffs qualified for these loans; (3) market fixing; (4) deception in loan modifications; and (5) unauthorized foreclosures. The defendants

included Citigroup, Inc. and Citibank, N.A.  Of those defendants, only Citibank is a party to this appeal.[1]

On January 6, 2014, six named defendants (including Citigroup and Citibank) removed the case to federal court because one cause of action arose under the Sherman Anti-trust Act (15 U.S.C. § 1), over which federal courts have exclusive jurisdiction.  Plaintiffs filed a motion to remand the case to superior court.  In April of 2014, the federal trial court granted the motion to remand, but conditioned the order on plaintiffs dismissing their Sherman Act claim.  By this time plaintiffs' counsel had ceased participating in the litigation, and it was not until August 7, 2014, when the federal court dismissed the Sherman Act claim on its own motion, that the case was remanded back to the superior court.

Once returned to superior court, defendants demurred to the complaint.  Plaintiffs' counsel failed to respond to the demurrers and they were sustained on the ground of misjoinder.  The court granted one plaintiff leave to amend within 10 days, but Citibank and its co-defendants served a notice of ruling stating, incorrectly, that all plaintiffs were granted leave to amend.  Within a day or two after Citibank served this notice of ruling, plaintiffs' counsel was suspended by the State Bar, and no plaintiff filed an amended complaint.  After the time to amend

---

[1]     Although respondents' brief is filed on behalf of both Citigroup, Inc. and Citibank, N.A., only Citibank is named in Gray's first, second and third amended complaints, only Citibank demurred to those complaints, and only Citibank answered Gray's third amended complaint.  Only Citibank moved to dismiss the third amended complaint and the trial court's order dismissing the case named Citibank only.

had passed, Citibank served a proposed order dismissing the case as to all plaintiffs.  The court signed this order on June 12, 2015.

In September of 2015 the court modified the order of dismissal to provide that it was without prejudice.  In November of 2015, a new attorney for plaintiffs filed a motion for leave to file a first amended complaint as well as a separate motion to set aside the dismissal, supported by an affidavit of fault by the former counsel.  The motion to vacate the dismissal was heard and denied in August of 2016.  Gray's prior appeal was from the order denying that motion.

On July 31, 2019, we issued the remittitur following Gray's successful appeal, and the case returned to the superior court.  There ensued a series of amended complaints and responsive demurrers.  On August 3, 2021, the court sustained in part and overruled in part defendants' demurrers to Gray's third amended complaint.  At that point Gray elected to stand on her pleading, and Citibank answered on October 6, 2021.  On December 6, 2021, the superior court held a case management conference, and set the case for trial on May 23, 2023.  Citibank requested an earlier date, but the court responded that no earlier trial date was available owing to the backlog occasioned by the COVID emergency.

The register of actions shows no further activity in the case by either party until October 27, 2022, when Citibank filed its motion to dismiss Gray's third amended complaint for failure to bring the case to trial within five years.  Citibank acknowledged that Gray's time was tolled during the appeal from the prior order dismissing the case, and that Gray was entitled to a six-month extension under emergency court rules addressing the COVID emergency.  Gray opposed the motion, arguing that in

4

addition to the time the case was on appeal, the five years was also tolled during the time the case was removed to federal court. In addition, she argued that the five years was also extended by additional periods during which it was "impossible, impracticable or futile" to bring the case to trial for reasons including the suspension and disbarment of her prior counsel, the time spent litigating defendants' demurrers, and an additional 18 months because of the COVID trial backlog.  She argued that these events tolled the five-year period until November 5, 2026 – exactly 13 years after the case was filed.

On March 1, 2023, the trial court heard, and granted, Citibank's motion to dismiss.  The court agreed that the time spent on appeal and removal to federal court was excluded from the five years to bring the case to trial.  The court did not address the six-month extension under court rules addressing the COVID emergency.  Instead, the court calculated that the five years had run prior to the December 2021 case management conference. The court also rejected Gray's arguments that additional tolling was appropriate.  It found that Gray had failed to meet her burden of showing how her prior counsel's suspension in 2015 had affected her ability to bring the case to trial following the successful appeal, and that the COVID emergency had not affected Gray's ability to prosecute her case.  The court signed a written order dismissing the case on March 1, 2023, and an identical order prepared by Citibank on March 22.

Gray filed a timely notice of appeal from the signed order dated March 1.

## DISCUSSION

### A.    *The Governing Statute and Standard of Review*

Code of Civil Procedure section 583.310[2] expresses California's five-year rule: "An action shall be brought to trial within five years after the action is commenced against the defendant." The five-year rule is "mandatory and . . . not subject to extension, excuse, or exception except as expressly provided by statute." (§ 583.360, subd. (b).) Thus, "[d]ismissal is mandatory if the requirements of section 583.310 are not met and an exception provided by statute does not apply." (*Martinez v. Landry's Restaurants, Inc.* (2018) 26 Cal.App.5th 783, 793.)

There are four avenues of "extension, excuse or exception" provided by statute. First, the parties may stipulate to extend the five-year period. (§ 583.330.) The other three means of tolling the statutory period are set out in section 583.340, which reads as follows: "In computing the time within which an action must be brought to trial pursuant to this article, there shall be excluded the time during which any of the following conditions existed: [¶] (a) The jurisdiction of the court to try the action was suspended. [¶] (b) Prosecution or trial of the action was stayed or enjoined. [¶] (c) Bringing the action to trial, for any other reason, was impossible, impracticable, or futile." Here, neither party is arguing that there was a stipulation to extend the time to bring the case to trial, and no stay of the action was ever entered. Thus, we are only concerned with whether Gray's time to bring the action to trial was extended under subdivisions (a) or (c) of section 583.340.

---

[2]    All undesignated statutory references are to the Code of Civil Procedure unless otherwise specified.

6

Whether the trial court's jurisdiction was suspended within the meaning of subdivision (a) of section 583.340 generally presents a legal issue that does not involve the exercise of discretion. (*Spanair S.A. v. McDonnell Douglas Corp.* (2009) 172 Cal.App.4th 348, 358-359; *see also Schwenke v. J & P Scott, Inc.* (1988) 205 Cal.App.3d 71, 77 [section 583.340, subd. (a) "is an express statutory exception to the five-year bar, separate and distinct from exceptions based on impossibility or impracticability"]; *Wills v. Williams* (1975) 47 Cal.App.3d 941, 946 [former § 583, subd. (f), now § 583.340, subd. (a), " 'deals with a defined state of facts and declares the legal consequence that flows therefrom' "].)

On the other hand, the statutory exception under subdivision (c) — whether bringing the action to trial was "impossible, impracticable, or futile"— is subject to the trial court's broad discretion. "We review for an abuse of discretion the trial court's determination not to exclude periods during which plaintiffs contend it was impossible, impracticable or futile to bring the action to trial within the meaning of section 583.340, subdivision (c)." (*Martinez v. Landry's Restaurants, Inc., supra,* 26 Cal.App.5th at p. 794.) "Where a trial court has discretionary power to decide an issue, we are not authorized to substitute our judgment for that of the trial court. [Citation.] Reversible abuse exists only if there is no reasonable basis for the trial court's action, so that the trial court's decision exceeds the bounds of reason." (*Sanchez v. City of Los Angeles* (2003) 109 Cal.App.4th 1262, 1271.)

***B.   Time Was Properly Excluded Under Section 583.340 (a)***

The trial court excluded from the five-year calculation two periods during which the trial court lacked jurisdiction within the meaning of section 583.340, subd. (a).  First, the court excluded the time during which this action was removed to federal court. (*Spanair S.A. v. McDonnell Douglas Corp.*, *supra*, 172 Cal.App.4th at p. 356 ["the state court's jurisdiction is suspended when the defendant seeking removal gives notice to the state court clerk, and it is reacquired when the district court clerk gives notice to the state court clerk in the form of a certified copy of the remand order"].)  While it was proper to exclude this time, the trial court only extended the five-year period by the three and one-half months requested by Gray.  However, although the federal court remanded the case in an order dated April 17, 2014, that remand was conditioned on plaintiffs dismissing their claim under the Sherman Antitrust Act.  The April 17 order expressly states that "[t]he remand order will not become effective until the Court enters an order granting the Plaintiffs' request to dismiss their Sherman Act claim."  We must also exclude the time that the remand order was stayed. (*People v. Bhakta* (2006) 135 Cal.App.4th 631, 636 [after an action is removed to federal court, "jurisdiction returns to the state court when a remand order is filed and served on the state court, unless that order is stayed"].)

The complaint was filed on November 5, 2013 with the five-year period originally ending on November 5, 2018.  It was not until August 8, 2014, that the federal court entered and served its order dismissing plaintiffs' Sherman Act claim on its own motion and lifting "the stay of the prior order granting the

8

Motion to Remand." Thus, the trial court's jurisdiction was suspended from January 6, 2014, the date the case was removed to federal court, until August 8, 2014. This amounts to 214 days that should have been excluded when calculating Gray's time to bring this action to trial. So adjusted, on August 8, 2014, the date the case was remanded to superior court, Gray's last day to bring the case to trial was extended to Friday, June 7, 2019.

The court also excluded the time consumed by Gray's appeal of the order dated August 10, 2016, denying plaintiffs' motion to vacate the earlier dismissal of her action. "Appeal, which removes the cause to the appellate court, suspends the jurisdiction of the trial court to try the case and tolls the dismissal statute." (6 Witkin, Cal. Procedure (6th ed. 2021) Proceedings Without Trial, § 440, pp. 915-916.) The time excluded runs from the date the notice of appeal is filed to the date the remittitur issues. (*Bergin v. Portman* (1983) 141 Cal.App.3d 23, 25.) Here, Gray filed her notice of appeal from the dismissal order on October 7, 2016, and the remittitur is dated July 31, 2019. This amounts to 1,027 days during which Gray's time to bring this action to trial was tolled. Thus, upon issuance of the remittitur on July 31, 2019, Gray's last day to bring the action to trial was extended by an additional 1,027 days, until Wednesday, March 30, 2022.[3]

---

[3] Government Code section 6803 defines a year as "a period of 365 days," and further provides that "[t]he added day of a leap year, and the day immediately preceding . . . shall be reckoned together as one day." Thus, in calculating Gray's last day to bring her case to trial we need not account for the "leap day" that occurred in February of 2020.

## C. Time Was Properly Extended for the COVID Emergency

Gray argues that the trial court should have extended her time to bring the case to trial because the COVID emergency made it "impossible, impracticable or futile" to proceed. Citibank responds that the trial court properly denied any discretionary extension, but that Gray was entitled to a six-month extension under emergency court rules implemented in response to the COVID emergency. Defendants are correct on both counts.

Government Code section 68115 provides that the Chairperson of the Judicial Council may, in the event of "a state of emergency being proclaimed by the President of the United States or by the Governor . . . by order authorize the court to . . . [e]xtend the time periods provided in Sections 583.310 and 583.320 of the Code of Civil Procedure to bring an action to trial." (Gov. Code, § 68115, subd. (a)(6).) On March 4, 2020, Governor Gavin Newsom declared a state of emergency as a result of the spread of the COVID-19 virus. (*In re M.P.* (2020) 52 Cal.App.5th 1013, 1016.) On March 27, 2020, Governor Newsom issued Executive Order No. N-38-20, which "suspended any limitations in Government Code section 68115 or any other provision of law that limited the Judicial Council's ability to issue emergency orders or rules, and suspended statutes that may be inconsistent with rules the Judicial Council may adopt." (*Id.* at pp. 1016-1017.) Acting on this authority, the Judicial Council issued 11 emergency rules on April 6, 2020, including emergency rule 10(a), which reads as follows: "Notwithstanding any other law, including Code of Civil Procedure section 583.310, for all civil actions filed on or before April 6, 2020, the time in which to bring the action to trial is extended by six months for a total time of

10

five years and six months." (Cal. Rules of Court, appen. I, emergency rule 10(a).) Emergency rule 10 extended Gray's time to bring her case to trial to Friday, September 30, 2022.

Gray, however, argues that "there was an 18-month period wherein bringing the action to trial was impossible, impracticable, or futile due to the COVID-19 pandemic and/or the court's unavailability for trial," and that the court abused its discretion by not extending her time to bring the action to trial. " 'The question of impossibility, impracticability, or futility is best resolved by the trial court, which "is in the most advantageous position to evaluate these diverse factual matters in the first instance." ' " (*Gaines v. Fidelity National Title Ins. Co.* (2016) 62 Cal.4th 1081, 1100.) Gray bears the burden of proving the circumstances justifying application of the exception under section 583.340, subd. (c) for impossibility, impracticability or futility. (*Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 731.) Gray must also show a causal connection between the claimed circumstances of impracticability and her inability to bring the case to trial. (*De Santiago v. D & G Plumbing, Inc.* (2007) 155 Cal.App.4th 365, 372.)

Gray is silent as to what she was unable to do, as a result of the COVID emergency, to bring her case to trial. Her only specific assertion is that the trial court set a trial date in 2023 because of a backlog occasioned by COVID. Because Gray never asserts that she was prepared to try the case within the statutory time, she cannot be heard to complain about the backlog. (*Oswald v. Landmark Builders, Inc.* (2023) 97 Cal.App.5th 240, 248 [declining "to adopt the absurd rule that time to commence trial is tolled under section 583.340(c) whenever a courtroom is not available for trial *without consideration of a plaintiff's*

11

*readiness for trial*"] (emphasis in original); *Jordan v. Superstar Sandcars* (2010) 182 Cal.App.4th 1416, 1421-1422 [court-imposed moratoriums on civil trials not excludable under section 583.340, subd. (c), where "it is apparent from the record that plaintiffs were not ready for trial at the time of the moratoriums"].)

At the trial setting conference in December of 2021, Gray still had 10 months within which to bring her case to trial. "A plaintiff has an obligation to monitor the case in the trial court, to keep track of relevant dates, and to determine whether any filing, scheduling, or calendaring errors have occurred. This obligation of diligence increases as the five-year deadline approaches." (*Jordan v. Superstar Sandcars, supra*, 182 Cal.App.4th at p. 1422; *see also Wilshire Bundy Corp. v. Auerbach* (1991) 228 Cal.App.3d 1280, 1287 ["the burden must fall on the plaintiff to act with special diligence to ensure that the case is set for trial in a timely manner. Indeed, the diligence required of a litigant increases as the five-year deadline approaches"].) "Central to this duty [of diligence] is the specific duty to use every reasonable effort to bring the matter to trial within the five-year period." (*Tejada v. Blas* (1987) 196 Cal.App.3d 1335, 1340.)

Measured by these standards, Gray was not diligent: as we have already observed, the register of actions shows no activity at all on Gray's part following the December 2021 trial setting conference. Rather than silently acquiesce while the court set a trial date beyond the five-year period, Gray should have moved for a trial date within that period. "Where a plaintiff possesses the means to bring a matter to trial before the expiration of the five-year period by filing a motion to specially set the matter for trial, plaintiff's failure to bring such motion will preclude a later

12

claim of impossibility or impracticability." (*Tejada v. Blas*, *supra*, 196 Cal.App.3d at p. 1340.) Therefore, it was within the scope of the trial court's discretion to reject Gray's claim that courtroom unavailability did not make it impossible or impracticable for Gray to timely commence trial.

### D.    *Gray's Remaining Contentions Lack Merit*

Gray makes two additional arguments for excluding additional time during which, she asserts, it was "impossible, impracticable or futile" to bring her case to trial. First, she argues that the court abused its discretion by refusing to exclude time during which her former counsel was suspended by the State Bar beginning in 2015. The trial court rejected this argument, noting that Gray first represented herself, and then retained new counsel following her former counsel's suspension, and had therefore failed to show "how her former counsel's unavailability in 2016 has rendered it impracticable to bring this case toward trial in the subsequent years." Moreover, the explanation Gray offers is not supported by the record: although she now argues that she did not learn of the dismissal until November 2015, the record on her prior appeal includes her declaration dated July 21, 2015, stating that she learned of the dismissal in a telephone call on July 17, 2015, as well as Gray's motion filed pro. per. on July 21, 2015, asking that the court reconsider the dismissal. Obviously, then, Gray was aware of the dismissal, and had responded to it, many months earlier than she has represented on this appeal. We agree with the trial court's conclusion: after her successful appeal from the prior dismissal, Gray had almost three years remaining to bring this case to trial. She cannot blame her failure to do so by September 2022 on former counsel who was suspended in 2015.

13

Gray's final argument is that the court should have excluded time during which the parties were exchanging pleadings or awaiting rulings by the court. The trial court rejected this argument, noting that Gray cited no authority for excluding this time. Once again, we find no abuse of discretion by the trial court. Contrary to Gray's argument, it is well established that " ' "[e]very period of time during which the plaintiff does not have it within his power to bring the case to trial is not to be excluded in making the computation." ' " (*Bruns v. E-Commerce Exchange, supra*, 51 Cal.4th at p. 731.) "Time consumed by the delay caused by ordinary incidents of proceedings, like disposition of demurrer, amendment of pleadings, and the normal time of waiting for a place on the court's calendar [is] not within the contemplation of these exceptions." (*Baccus v. Superior Court* (1989) 207 Cal.App.3d 1526, 1532; *see also J. C. Penney Co. v Superior Court* (1959) 52 Cal.2d 666, 670 [time expended "in service of process, disposition of demurrers, amendment of the pleadings, if necessary, usual and reasonable time consumed in waiting for a place on the court's calendar or in securing the attendance of a jury and suchlike usual and necessary proceedings" is not "excluded from a computation of the five-year period"].) To hold otherwise would allow a plaintiff to litigate piecemeal every delay, no matter how short, during which it was "impracticable" to try her case, thus rendering the statute "utterly indeterminate, subjective, and unadministerable." (*Sierra-Nevada Memorial-Miners Hospital, Inc. v. Superior Court* (1990) 217 Cal.App.3d 464, 472.)

## *DISPOSITION*

The order dated March 1, 2023, dismissing Gray's case under section 583.310 is affirmed.  Citibank is awarded its costs.


LEE, J.*

WE CONCUR:


MOOR, Acting P. J.


KIM, J.

---

\*     Judge of the San Bernardino County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.