Lee Otis **JOHNSON**, Petitioner-Appellee,

v.

W. J. **ESTELLE**, Jr. and R. M. **Cousins**, Respondents-Appellants.

No. 79-3647.

United States Court of Appeals, Fifth Circuit.

Aug. 29, 1980.

Rehearing and Rehearing En Banc Denied Oct. 6, 1980.

Douglas M. Becker, Asst. Atty. Gen., Austin, Tex., for respondents-appellants.

Brady Coleman, Austin, Tex., for petitioner-appellee.

Before CHARLES CLARK, TJOFLAT and GARZA, Circuit Judges.

PER CURIAM:

The issue in this appeal is whether habeas corpus relief should be governed by form or substance. The latter, of course, must control.

The petitioner, Lee Otis Johnson, was indicted for burglary on October 10, 1974. His trial was scheduled to commence in the 174th Criminal District Court for Harris County, Texas, on April 15, 1975. On Friday afternoon, April 11, 1975, Johnson filed a complaint in United States District Court for the Southern District of Texas, Houston Division, styled *Lee Otis Johnson v. Carol Vance, etc., et al.*, Civil Action No. 75–H–578 ["578"]. This complaint was both a civil rights suit seeking damages and a petition for removal of the criminal prosecution pending in the 174th Criminal District Court pursuant to 28 U.S.C. §§ 1443, 1446. The portion of the complaint seeking removal of the burglary prosecution alleged that the Harris County grand jury was unconstitutionally composed and that the petitioner had no valid means of attacking the composition of the grand jury in the state courts of Texas. The petition for removal was accompanied by a properly executed bond.

On Monday morning, April 14, 1975, Johnson filed a second complaint, styled *The State of Texas v. Lee Otis Johnson*, Civil Action No. 75–H–579 ["579"]. This second complaint was solely a petition for removal. It presented numerous grounds in support of removal, including the alleged unconstitutional composition of the Harris County grand jury that previously had been presented as the sole ground for removal in 578. No removal bond accompanied 579. Copies of both 578 and 579 were filed in state court on April 14, 1975. Both complaints were drafted by Johnson without legal counsel and with only the aid of a prisoner's handbook.

Later that same day, the federal district court held a hearing on 579. The federal district court judge dismissed 579 and remanded the case to the criminal district court of Harris County, Texas. The assistant district attorney for Harris County, Texas, who then was responsible for matters relating to federal litigation is now deceased. Other officials are unable to reconstruct the precise course of events that occurred after the dismissal of 579 and the remand of the case to state court. However, it is clear that Johnson's burglary trial commenced on April 16, 1975, and that Johnson was convicted and sentenced to a seventeen-year term of imprisonment.

Equally clear is that complaint 578 remained pending in the federal district court at the time of Johnson's state court trial, that Johnson never expressly urged the pendency of 578 to the state trial judge, and that Johnson never sought to appeal the dismissal of 579. Subsequent to Johnson's trial, a different federal district court judge, apparently unaware of the existence and dismissal of 579, ordered that Johnson submit a memorandum of authorities in support of 578. When the petitioner failed to do so, the federal district court judge dismissed 578 for want of prosecution. No appeal was taken from that ruling.

Johnson's filing of 578 and 579 with the state court clerk constituted adequate notice of the pendency of both removal proceedings to interdict further proceedings. Thus we do not have the notice problem presented in *Medrano v. Texas*, 580 F.2d 803 (5th Cir. 1978). Based on form alone, the dismissal of 579 and the remand of the case to state court were insufficient to reinstate jurisdiction in the state court while 578 remained pending in the federal district court. *South Carolina v. Moore*, 447 F.2d 1067, 1072–74 (4th Cir. 1971). *See also Adair Pipeline Co. v. Pipeliner's Local Union No. 798*, 203 F.Supp. 434, 437 (S.D.Tex. 1962), *aff'd*, 325 F.2d 206 (5th Cir. 1963). However, Johnson is not entitled to habeas corpus relief because we determine that form must give way to substance.

Johnson's pro se pleadings must be given a liberal yet realistic construction. In addition to asserting a civil rights claim for damages, Johnson in 578 sought removal of his burglary prosecution because of the alleged unconstitutional composition of the Harris County grand jury. Complaint 578, which asserted that single ground as support for removal, was accompanied by the required bond. Over the weekend Johnson prepared a second complaint that solely addressed removal. This second complaint, 579, changed the named defendant from various individual state officials to the State of Texas, reasserted the alleged unconstitutional composition of the Harris County grand jury as grounds for removal, and added various other grounds in support of removal. No new removal bond was filed.

Why Johnson did not style and file this obvious amendment of 578 as such can only be attributed to the pleader's inexperience and ineptness. Why the federal clerk docketed 578 and 579 as separate proceedings and assigned the complaints to different judges can only be attributed to the volume of litigation in one of the nation's busiest metropolitan district courts. The reason why the State of Texas did not seek to have the proceedings consolidated at the time the federal district court held the hearing on 579 has gone to the grave with the state official in charge of federal litigation.

We do know that in 578 Johnson sought identical relief on an identical ground to that sought and denied in one claim of 579. We also know that both the state officials and Johnson considered that the removal effort had been aborted by the dismissal of the broadest and most recently filed request for removal and the subsequent remand of that case to state court. That all parties regarded the dismissal of 579 as having constructively dismissed 578 is evidenced both by the fact that the state criminal proceedings proceeded to conclusion without express objection by Johnson and by the fact that Johnson subsequently permitted 578 to be dismissed for want of prosecution. To attempt to now breathe some form of life into the empty form of 578 is contrary to the substantive spirit of habeas corpus. We decline to do so.

One other problem, which the parties did not suggest, appears in this record. 28 U.S.C. § 1447(c) provides in part: "A certified copy of the order of remand shall be mailed by [the federal district] clerk to the clerk of the State court. The State court may thereupon proceed with such case."

In the instant case, the order of remand of the federal district court was announced to the parties at the conclusion of the hearing held on April 14, 1975. However, the order was not prepared in written form and entered on the minutes of the federal district court until May 27, 1975. The record

does not disclose when, if ever, that order was certified and served by the federal court clerk on the clerk of the Texas Criminal District Court. We know only that the order as executed by the federal judge was dated April 14, 1975, the day it was announced to the parties in open court.

Again, substance must control form. Both parties to the Texas criminal proceeding were present in the federal forum and received notice of the order of remand. Subsequent to this notification, those parties proceeded to try the criminal action to completion without objection to the lack of a formal written order. The order as executed by the federal district judge was back-dated to the day of his announcement of his remand action to the parties. We construe the announced action in open court with everyone present, when coupled with the back-dated order, to be sufficient compliance with the statute then applicable to vest jurisdiction to proceed in the Texas district court. Of course, the subsequent amendment of 28 U.S.C. § 1446 by adding subsection (c)(3) providing

[t]he filing of a petition for removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the petition is first denied.

has eliminated this problem for future cases.

The grant of habeas corpus relief is reversed and the cause is remanded with directions to dismiss the petition.

REVERSED AND REMANDED.