770 F.2d 168
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LARRY DONALD VERSE, PETITIONER-APPELLANT,
v.
DALE FOLTZ, RESPONDENT-APPELLEE.
 NO. 84-1282
 United States Court of Appeals, Sixth Circuit.
 7/17/85
 
 E.D.Mich.
 AFFIRMED
 ORDER
 BEFORE: MARTIN, WELLFORD and MILBURN, Circuit Judges.
 
 
 1
 Petitioner appeals the order dismissing his habeas corpus petition brought under 28 U.S.C. Sec. 2254. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Petitioner alleged in his habeas corpus petition that his 1976 state conviction was void because the state court lacked jurisdiction. He claims that he removed the case to federal district court prior to his conviction and the federal court dismissed the action without remanding the case to the state court. Petitioner argues that the state court was divested of jurisdiction by the removal petition and never regained jurisdiction because no remand order was ever entered. We find that petitioner is not entitled to habeas corpus relief on these grounds.
 
 
 3
 Prior to 1977, filing a removal petition in both the state and federal courts terminated the state court's jurisdiction until the case was remanded. E.D. Systems Corp. v. Southwestern Bell Telephone Co., 674 F.2d 453 (5th Cir. 1982); South Carolina v. Moore, 447 F.2d 1067 (4th Cir. 1971); 28 U.S.C. Sec. 1446(e). However, the petition filed by petitioner was not construed as a removal petition by either the federal district court or the state court prior to petitioner's conviction. The petition was untitled and requested the federal court to 'stay' the state court proceedings 'pursuant to' 28 U.S.C. Secs. 1441 (actions removable generally), 1450 (attachment or sequestration of goods in removal action), 1253 (direct appeals from decisions of three-judge courts), 2201 (declaratory judgment act) and 1651 (All Writs Act). As grounds for the stay, petitioner alleged that the indictment was vague in violation of his due process rights. The word 'removal' does not appear anywhere in the petition. Petitioner then filed an application for leave to amend the petition in which he moved to include section 1446 (procedure for removal) as one of the statutory bases for his petition. Petitioner relies on United States ex rel. Echevarria v. Silberglitt, 441 F.2d 225 (2d Cir. 1971), in arguing that his petition should have been liberally construed as a removal petition, despite his failure to plainly state that he was requesting removal. However, in Echevarria, the petition clearly stated in three separate sentences that removal was sought. Petitioner's bare citation to section 1446 in his amended petition was insufficient to notify the courts that removal was sought, especially since the original petition cited to clearly inapplicable statutes and did not state any grounds for federal jurisdiction as required in a removal petition.
 
 
 4
 In addition, petitioner did not file any motions for relief from the district court's judgment to notify the court of its error, nor did he file an appeal. The federal court understandably did not recognize the petition as a removal petition and therefore did not enter a formal remand order. Under the court's view of the case, no remand order was necessary. Petitioner was aware that his federal action had been dismissed and no remand order had been issued. Despite this knowledge, petitioner did not raise the removal issue in his state trial. Cf. United States ex rel. Echevarria v. Silberglitt, supra (petitioner stood mute at state trial in reliance on pending removal petition.). Under these circumstances, petitioner cannot be permitted in this habeas corpus action to rely on the petition as a proper removal petition and insist on a formal remand order to re-establish jurisdiction in the state court. See Johnson v. Estelle, 625 F.2d 75 (5th Cir. 1980).
 
 
 5
 Finally, even if the purported removal petition was deemed sufficient to divest the state court of jurisdiction, the federal action had terminated prior to petitioner's state trial and conviction. Under petitioner's reasoning, neither the federal nor the state court would have had jurisdiction after the federal court's dismissal of the case. To hold that the federal court's failure to remand a case that it never viewed as removed from state court permanently deprived the state court of jurisdiction would favor form over substance. See Johnson v. Estelle, supra.
 
 
 6
 Accordingly, it is ORDERED that the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).