**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4105
_____

STEPHEN G. CONKLIN,
                                        Appellant

v.

YVETTE KANE; PETER J. SMITH;
MARK E. MORRISON; CHRISTINA GARBER

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-13-cv-02618)
District Judge:  Honorable Juan R. Sánchez

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 6, 2015
Before:  CHAGARES, JORDAN and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 20, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Stephen G. Conklin appeals from the order of the District Court dismissing his complaint. We will affirm.

I.

At issue here is a complaint that Conklin filed against The Honorable Yvette Kane (of the United States District Court for the Middle District of Pennsylvania), Peter J. Smith (the United States Attorney for the Middle District of Pennsylvania), and others of his office. Conklin's complaint, which he filed through counsel Don E. Bailey, contains two principal allegations.

First, Conklin alleges that Judge Kane and the United States Attorney's office improperly removed his state-court action against Judge Kane to federal court. The background of this claim is summarized in the margin.[1] Second, Conklin claims that Judge Kane has orchestrated a conspiracy to conduct what he calls "surveillance activity" against his counsel Bailey. In particular, Conklin alleges that Kane arranged through the PACER system to route Bailey's cases "to a number of hand-picked judges and clerks in

---

[1] In 2013, Conklin instituted an action against Judge Kane by filing a praecipe for a writ of summons in the Pennsylvania Court of Common Pleas for Dauphin County. A writ of summons contains no claims or allegations specifying the nature of the suit. Judge Kane, represented by the United States Attorney's office, removed that action to federal court at M.D. Pa. Civ. No. 1-13-cv-1531. The District Court remanded the action to state court because it determined that removal was premature. Conklin's first claim is based on this allegedly improper removal. When back in state court, Conklin filed a motion for sanctions against Judge Kane based on the same theory. Judge Kane removed the sanctions proceeding to federal court at M.D. Pa. Civ. No. 1-13-cv-03058, and the District Court denied the motion for sanctions. Conklin's appeal from that ruling is pending at C.A. No. 14-4106 and is not yet ripe for disposition. As far as the record

2

the Middle District and the Third Circuit over a period of years." (ECF No. 1 at 12 ¶ 73.) Conklin claims that defendants' alleged conduct violated various constitutional rights.

All defendants moved to dismiss Conklin's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Conklin responded to those motions and also filed a motion to disqualify the District Judge. By order entered September 5, 2014, the District Court denied Conklin's motion, granted defendants' motions, and dismissed Conklin's complaint with prejudice. Conklin appeals pro se.[2]

## II.

We will affirm primarily for the reasons explained by the District Court. Conklin devotes much of his briefs to arguing that the alleged impropriety of defendants' removal of his state-court action is "law of the case" by reason of the remand in M.D. Pa. Civ. No. 1-13-cv-1531. We express no opinion on that issue because, even if it were so, it would be irrelevant for present purposes. A defendant's alleged misconduct during litigation generally is redressible by sanctions in that litigation. Conklin unsuccessfully sought sanctions against Judge Kane, and his appeal from the order denying them is pending at

---

shows, Conklin has never stated the basis for filing suit against Judge Kane in state court.
[2] We have jurisdiction under 28 U.S.C. § 1291. Conklin challenges both the dismissal of his complaint and the District Judge's denial of his motion for disqualification. We exercise plenary review over the dismissal of a complaint and will affirm if it fails to "state a claim to relief that is plausible on its face." Capogrosso v. Sup. Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam) (quotation marks omitted). We review the denial of disqualification for abuse of discretion. See United States v. Ciavarella, 716 F.3d 705, 717 n.4 (3d Cir. 2013), cert. denied, 134 S. Ct. 1491 (2014).

C.A. No. 14-4106. Conklin pleaded nothing suggesting that the removal violated his constitutional rights or resulted in any independently redressible injury.

Conklin also does not challenge the District Court's dismissal of his claims based on the "surveillance activity" allegedly directed at his counsel Bailey, and we agree with the District Court both that his allegations in that regard are wholly fanciful and conclusory and that Conklin has alleged nothing potentially giving him standing to assert these claims. We are further satisfied that amendment of his complaint would be futile. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008).

Finally, the District Judge did not abuse his discretion in declining to recuse himself under 28 U.S.C. § 455(a) for the reasons he explained in the order of dismissal. Conklin argues on appeal that the order of dismissal itself raises the appearance of partiality because the District Court sua sponte retained jurisdiction to consider "whether to shift fees or otherwise impose sanctions against Conklin and his attorney, should Defendants wish to pursue such relief." (ECF No. 39 at 1-3.) (Defendants have not done so to date.) Any reasonable person reviewing this matter would understand the District Court's statement, not as an expression of bias against Conklin, but as a response to the nature of his allegations.

For these reasons, we will affirm the judgment of the District Court. Conklin's motions for oral argument and to strike Judge Kane's appellate brief are denied.