PS-035                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4106
_____

STEPHEN G. CONKLIN,
                                            Appellant

v.

YVETTE KANE

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-13-cv-03058)
District Judge:  Honorable Juan R. Sánchez

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 7, 2015
Before:  FISHER, SHWARTZ and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 8, 2015)
_____

OPINION[*]
_____

PER CURIAM

     Stephen G. Conklin appeals from the order of the District Court denying his

motion for sanctions against Mark E. Morrison, who is an attorney with the United States

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Attorney's Office, and the Honorable Yvette Kane, who is a judge of the United States District Court for the Middle District of Pennsylvania. Morrison represented Judge Kane in connection with certain proceedings described herein. We will affirm.

I.

This appeal presents several technical procedural issues arising from the parties' litigation of this case in both state and federal court. Substantively, however, this case is about nothing. Conklin has been a frequent litigant before Judge Kane. In 2013, he filed suit against Judge Kane in the Pennsylvania Court of Common Pleas for Dauphin County. He did so by filing a praecipe for a writ of summons, which does not contain any allegations or causes of action. The Dauphin County court ultimately entered a judgment of non pros against Conklin when he refused to file a complaint. Conklin has never identified in either state or federal court any substantive claim against Judge Kane that he wishes to pursue.

Instead, he has chosen to litigate collateral procedural issues. Judge Kane, represented by Morrison, initially removed Conklin's writ of summons to federal court pursuant to the "federal officer" removal statute, 28 U.S.C. § 1442. The District Court remanded the matter to Dauphin County because, without Conklin having filed an actual complaint, it could not determine the nature of the action and thus could not determine whether the action satisfied the requirements for federal officer removal. (M.D. Pa. Civ. No. 1-13-cv-01531.) On remand, Morrison filed on Judge Kane's behalf a praecipe for a rule to file a complaint. The rule to file a complaint subjected Conklin to a judgment of

2

non pros if he failed to file a state-court complaint against Judge Kane.  See Pa. R. Civ. P. 1037(a).

Conklin did not file a state-court complaint against Judge Kane.  Instead, he responded to these developments in two other ways.  First, he filed a counseled <u>federal</u> complaint against Judge Kane alleging that her removal of the Dauphin County action violated his unspecified civil rights.  The District Court dismissed that complaint, and we affirmed.  See <u>Conklin v. Kane</u>, 610 F. App'x 98, 100 (3d Cir. 2015).

Second, Conklin filed a motion in the Dauphin County action for sanctions against Morrison and Judge Kane, which is the motion at issue here.  Conklin based that motion too in part on the removal of his writ of summons.  Conklin also asserted that (1) Morrison and the United States Attorney's Office were not authorized under federal law to represent Judge Kane and (2)  Morrison failed to serve Conklin with the rule to file a complaint.  Conklin's request for relief included a request for punitive relief and an order barring Morrison from representing Judge Kane in the Dauphin County action.[1]

The Dauphin County court later scheduled a hearing on Conklin's motion for sanctions.  Before the hearing date, Morrison removed the sanctions proceeding to federal court, once again relying on the federal officer removal statute.  Conklin then filed a motion to remand and later filed a motion to disqualify the District Judge.  Both Morrison

---

[1] Conklin also requested an order directing Morrison to serve him with the rule to file a complaint, but Judge Kane's subsequent counsel served Conklin with a copy more than one month before the Dauphin County court's ultimate entry of a judgment of non pros.

3

and Judge Kane opposed Conklin's motion for sanctions.

By order entered September 5, 2014, the District Court denied Conklin's motions

for remand and disqualification, denied his motion for sanctions against Morrison, and

dismissed his motion for sanctions against Judge Kane.[2]  The District Court also took

note of intervening developments in state court.  Shortly after removal of this sanctions

proceedings, the Dauphin County court entered its judgment of non pros against Conklin

for his failure to file a complaint.  Conklin did not appeal that ruling.  Thus, as the

District Court noted, it appears that the Dauphin County action is concluded.  Because the

District Court had jurisdiction only over the ancillary sanctions proceeding and not the

Dauphin County action as a whole, however, the court remanded "what, if anything,

remains of Conklin's state court action."  Conklin appeals pro se.[3]

---

[2] The District Court dismissed Conklin's motion for sanctions against Judge Kane because she was represented by Morrison and did not sign any of the allegedly sanctionable filings.  The District Court denied Conklin's motion for sanctions against Morrison on the merits.  Conklin has raised no specific challenge to the District Court's dismissal of his motion for sanctions as to Judge Kane.  Thus, our discussion will focus on Morrison.

[3] The District Court had jurisdiction pursuant to Article III of the United States Constitution and 28 U.S.C. § 1442 as discussed below.  We have jurisdiction under 28 U.S.C. § 1291.  Although the District Court remanded "what, if anything, remains" of this matter to state court, its decision is final because it finally resolves Conklin's request for sanctions on the merits and there is nothing further left to be done in the District Court.  See Roxbury Condo. Ass'n v. Anthony S. Cupo Agency, 316 F.3d 224, 226 (3d Cir. 2003); Mellon Bank Corp. v. First Union Real Estate Equity & Mortg. Invs., 951 F.2d 1399, 1403-04 (3d Cir. 1991).  Conklin has not sought review of the District Court's order remanding this matter to state court, so we do not further address that issue.  We review the District Court's subject matter jurisdiction de novo.  See Farina v. Nokia Inc., 625 F.3d 97, 110 (3d Cir. 2010).  We review for abuse of discretion the District Court's

4

II.

We will affirm primarily for the reasons explained by the District Court, but we will address three issues that Conklin raises on appeal. Before we do, we begin with the District Court's Article III jurisdiction. Morrison removed the sanctions proceeding pursuant to the federal officer removal statute, 28 U.S.C. § 1442. The statute permits federal officers to remove ancillary proceedings so long as certain statutory requirements are met. See 28 U.S.C. § 1442(a)(1), (d)(1). In addition to those statutory requirements, a federal officer may remove a proceeding under this statute only if he or she asserts a "colorable federal defense." Mesa v. California, 489 U.S. 121, 129 (1989). The assertion of a colorable federal defense confers Article III jurisdiction on the District Court. See id. at 136.

Conklin has not argued that Morrison failed to assert a colorable federal defense for Article III purposes, and our review confirms that Morrison has. Morrison argued, among other things, that sanctions were not warranted because his representation of Judge Kane was authorized by federal law. See 28 C.F.R. § 50.15. That colorable federal defense was sufficient to confer Article III jurisdiction on the District Court. See, e.g., In re Commonwealth's Motion to Appoint Counsel Against or Directed to Def. Ass'n of Phila., 790 F.3d 457, 473 (3d Cir. 2015) (holding that the Federal Community

denial of a motion for disqualification, see United States v. Ciavarella, 716 F.3d 705, 717 n.4 (3d Cir. 2013), cert. denied, 134 S. Ct. 1491 (2014), and its denial of sanctions, see In re Prosser, 777 F.3d 154, 161 (3d Cir. 2015).

5

Defender asserted a colorable federal defense by arguing that its representation of state-court prisoners was authorized by federal law), petitions for cert. filed, Nos. 15-491 & 15-494 (U.S. Oct. 13, 2015).

For the first time on appeal, Conklin argues that the District Court nevertheless lacked jurisdiction under the doctrine of "derivative jurisdiction." This doctrine renders a District Court powerless to act in a proceeding removed from state court if the state court itself lacked jurisdiction over that proceeding. See Minnesota v. United States, 305 U.S. 382, 389 (1939). Congress has abrogated this doctrine for proceedings removed under the general removal statute, see 28 U.S.C. § 1441(f), but the doctrine still applies to proceedings removed under § 1442, see Rodas v. Seidlin, 656 F.3d 610, 615-16 (7th Cir. 2011).

Conklin argues that the Dauphin County court, and thus the District Court, lacked jurisdiction over this sanctions proceeding. According to Conklin, the Dauphin County court never reclaimed jurisdiction after the District Court remanded the writ of summons because the District Court did not send the Dauphin County court a "certified copy" of the remand order as required by 28 U.S.C. § 1447(c). See Agostini v. Piper Aircraft Corp., 729 F.3d 350, 355 (3d Cir. 2013) ("[T]he mailing of a certified copy of the remand order to state court is the event that formally transfers jurisdiction from a district court within this Circuit to a state court"). There is no dispute that the District Court actually mailed a copy of its remand order or that the Dauphin County court received it. Conklin nevertheless argues that the remand was defective because, as appears to be the case, the

6

copy of the remand order was not "certified." If there were any merit to Conklin's argument, then it presumably would mean that everything the Dauphin County court did following remand is a nullity and that the District Court should have certified its initial remand order and returned the parties to state court to start over from the beginning.

Conklin's argument, however, lacks merit. Although the copy of the remand order that the District Court mailed to the Dauphin County court does not appear to be certified, the District Court mailed that order along with a copy of its docket entries reflecting the entry of that order and the Dauphin County court received them. (M.D. Pa. Civ. No. 1-13-cv-01531, ECF Nos. 9 & 11-1 at 16-21.) The Dauphin County court thereafter resumed exercising jurisdiction. Conklin did not object to the Dauphin County court's exercise of jurisdiction, and he instead affirmatively sought relief from that court by filing his motion for sanctions. Thus, the District Court clearly remanded this matter to the Dauphin County court and both that court and the parties clearly understood that fact. Under these circumstances, the District Court's mailing of its remand order and docket entries constitutes "sufficient compliance" with the certification requirement. Johnson v. Estelle, 625 F.2d 75, 78 (5th Cir. 1980) (per curiam).[4]

---

[4] We also note that Conklin has waived this argument. Truly jurisdictional issues cannot be waived, but "[t]he doctrine of derivative jurisdiction, despite its perhaps improvident name, is best understood as a . . . defect in removal, . . . not an essential ingredient to federal subject matter jurisdiction." Rodas, 656 F.3d at 619. Thus, Conklin waived this argument by raising it for the first time on appeal. We nevertheless address its merits in order to alleviate any potential uncertainty regarding the validity of the proceedings that the Dauphin County court conducted following the District Court's initial remand.

7

Conklin also argues that the District Court's order remanding the writ of summons is law of the case because the District Court's determination that removal of the writ of summons was improper means that removal of the sanctions proceeding was improper as well. Conklin is mistaken. When the District Court remanded the writ of summons, it concluded merely that removal of the Dauphin County action was not (yet) appropriate because Conklin had raised no actual substantive claim against Judge Kane. In the absence of any substantive claim, the District Court was unable to determine whether Judge Kane could assert a colorable federal defense to such a claim or whether the requirements of the federal officer removal statute were satisfied.

This sanctions proceeding is different. Conklin's motion for sanctions made specific allegations against Morrison, and Morrison raised at least one colorable federal defense to those allegations. Those allegations also enabled the District Court to determine whether the sanctions proceeding satisfied the requirements of the federal officer removal statute. The District Court determined that it did, and we agree for the reasons that the District Court adequately explained and as summarized in the margin.[5]

---

[5] A federal officer may remove a proceeding under § 1442 if the proceeding is against him or her for acts committed "under color" of a federal office. 28 U.S.C. § 1442(a)(1). Morrison's representation of Judge Kane in his official capacity as an attorney with the United States Attorney's Office clearly satisfies that requirement. Conklin argues that such representation was not authorized by federal law, but "whether a federal officer defendant has completely stepped outside of the boundaries of its office is for a federal court, not a state court, to answer." In re Commonwealth's Motion, 790 F.3d at 472 (citing, inter alia, Willingham v. Morgan, 395 U.S. 402, 409 (1969)).

The final issue we address is Conklin's argument that Morrison's notice of removal was untimely. Notices of removal are subject to a 30-day deadline. See 28 U.S.C. § 1446(b). A specific provision governs how this deadline applies when a proceeding that is removable under § 1442 involves "a judicial order for testimony or documents." 28 U.S.C. § 1446(g). The 30-day period to remove such proceedings runs from the date on which a person receives notice that "a judicial order for testimony or documents is sought or issued or sought to be enforced." Id.

The District Court determined that this sanctions proceeding involved a "judicial order for testimony" because Conklin requested, and the Dauphin County court scheduled, a hearing at which it appeared that Morrison's testimony would be required. The District Court further concluded that Morrison's notice was timely because he filed it within 30 days of the Dauphin County court's order scheduling that hearing.

Conklin does not contest the manner in which the District Court applied this provision or the District Court's calculation of the deadline.[6] Instead, he argues that this provision does not apply in the first place because the Dauphin County court's order

---

[6] Morrison filed his notice of removal more than 30 days after receiving notice of Conklin's motion for sanctions but within 30 days of the Dauphin County court's order scheduling a hearing on that motion. The District Court concluded that § 1446(g) permits multiple events during a single proceeding to trigger the 30-day clock because the 30-day deadline runs from the date on which "a judicial order for testimony or documents is sought or issued or sought to be enforced." 28 U.S.C. § 1446(g) (emphasis added). The District Court further concluded that, although Morrison did not file his notice within 30 days of when Conklin "sought" a judicial order for testimony in his motion for sanctions, Morrison filed it within 30 days of when the Dauphin County court "issued" such an order by scheduling a hearing. Whether § 1446(b)'s 30-day clock can be triggered more

9

scheduling a hearing was not a "judicial order for testimony." The parties have not cited, and we have not located, any appellate authority addressing the meaning of this term or any other issue arising under § 1446(g). Section 1446(g) applies to proceedings that are removable under § 1442, however, and removability under § 1442 must be broadly rather than narrowly construed. See In re Commonwealth's Motion, 790 F.3d at 467 (citing Sun Buick, Inc. v. Saab Cars USA, Inc., 26 F.3d 1259, 1262 (3d Cir. 1994)). The District Court explained why the Dauphin County court's order scheduling a hearing likely was the functional equivalent of an order requiring Morrison's testimony and, under the specific circumstances presented here, we agree.

Conklin's remaining arguments challenge the District Court's denial of sanctions on the merits and the District Judge's refusal to recuse himself. We have reviewed those arguments, including the argument that Chief Judge McKee of this Court appointed the District Judge by designation in order to "fix" this case. We conclude that these arguments lack merit either for the reasons adequately explained by the District Court or for reasons that do not require discussion.

III.

For these reasons, we will affirm the judgment of the District Court.

---

than once under § 1446(g) is a novel issue that it appears no Court of Appeals has addressed. We need not address that issue because Conklin has not raised it on appeal and "[i]t is well settled that § 1446(b)'s thirty-day time limit for removal is a procedural provision, not a jurisdictional one." Farina, 625 F.3d at 114.