[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-11908

Non-Argument Calendar

_____

USHA JAIN,
Dr.,
MANOHAR JAIN,

                                        Plaintiffs-Appellants,

*versus*

DONALD MYERS,
HEATHER HIGBEE,
JOHN KEST,
KEVIN WEISS,
individually and official capacity,
MR. WERT, et al.,

2                    Opinion of the Court                    20-11908

                                                  Defendants-Appellees,


MR. FURBUSH, et al.,


                                                          Defendants.


_____

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:19-cv-01635-CEM-LRH

_____


_____

No. 21-11719

Non-Argument Calendar

_____


USHA JAIN,
Dr.,
MANOHAR JAIN,

                                                  Plaintiffs-Appellants,

*versus*

DONALD MYERS,
HEATHER HIGBEE,

JOHN KEST,
KEVIN WEISS,
individually and official capacity,
MR. WERT, et al.,

                                        Defendants-Appellees,

MR. BARKER, et al.,

                                        Defendants.

————————————————

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket Nos. 6:19-cv-01635-CEM-LRH,
6:21-cv-00336-CEM-LRH

————————————————

Before JORDAN, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Manohar and Usha Jain appeal procedural issues arising out of their various removal actions and the associated dismissals and remands to state court. Proceeding *pro se* in these consolidated appeals, the Jains challenge the district court's order dismissing their 42 U.S.C. § 1983 civil rights complaint against lawyers and state

court judges. The Jains also challenge various post-judgment orders consolidating and remanding two of their district court cases, denying electronic filing access, and imposing a pre-filing injunction. On appeal, they argue: (1) the district court erred in dismissing their amended complaint without leave to amend, (2) the district court did not have jurisdiction to consolidate two of the cases or to enter an endorsed remand order after the initial order had been appealed, (3) the district court abused its discretion in consolidating their two district court cases, (4) 28 U.S.C. § 1447(c) is unconstitutional, (5) the district court erred in denying their motion to remove because they were defendants and complied with 28 U.S.C. § 1443, (6) the endorsed remand order was ineffective because it was not written and formally mailed, (7) the district court abused its discretion by denying them electronic filing access, (8) the district court abused its discretion by issuing a pre-filing injunction, and (9) the district court violated their Seventh Amendment right to a jury trial by dismissing their complaint.

The Jains' arguments fail. Therefore, we affirm the district court. Additionally, we deny the appellees' motion to strike portions of the Jains' reply brief and deny as moot the appellees' alternative motion for leave to file a sur-reply brief about the standing arguments. And because we hold below that the Jains forfeited their arguments that 28 U.S.C. § 1447(c) is unconstitutional, we deny as moot the Jains' motion to certify a question regarding the constitutionality of § 1447(c) to the Attorney General of the United States.

## I.

The Jains brought claims related to their dispute with their homeowner association in state court, suing the law firm representing their neighbors. The law firm moved for sanctions against the Jains under state law on frivolousness grounds. A hearing about the potential sanctions was planned, but then the Jains filed a federal complaint alleging civil rights violations and removed the state case to federal court. The district court dismissed the case and remanded the case to state court on February 10, 2020. In accordance with 28 U.S.C. § 1447(c), the district court ordered a certified copy of the remand order to be mailed to the state court clerk, which the state court received and docketed on February 19, 2020. In May 2020, the Jains filed a timely notice of appeal from the February 10, 2020, order dismissing the case and numerous post-judgment orders.

COVID-19 caused delays, and the state court hearing was delayed until it was set for February 19, 2021. But before that state court hearing could take place, the Jains tried to remove the case to federal court two more times. On February 2, 2021, the Jains filed a new complaint in federal court and removed the state case for a second time. On February 10, 2021, the federal district court remanded the plaintiffs' case to state court because the removal was in the wrong venue, untimely, and insufficient to invoke 28 U.S.C. § 1443's removal provisions; and the federal district court ordered the clerk of the federal court to send a certified copy of the remand order by mail to the state court clerk in accordance with

28 U.S.C. § 1447(c). On February 18, 2021, the state court received that mailing in which the federal district court warned the Jains to not baselessly remove the case to federal court again.

But on that same day, the plaintiffs filed a third complaint and removed the case to federal court again even though nothing had changed since the previous remand. By this date, the plaintiff and defendants had already been litigating the substantive claims in state court. The state court commenced a planned hearing at 9:05 A.M. on February 19, 2021, with all parties present but recessed the hearing after the plaintiffs informed the state court of the last-minute removal. Later that morning, the federal district court consolidated the cases associated with the first and third complaints, ordered the consolidated case remanded to state court (the relevant remand order for their related claims on appeal), and informed the state court of its remand order. Next, the state court informed the plaintiffs that the case had been remanded to state court; and, although the plaintiffs refused to participate at this point in the day, the state court proceeded with their full knowledge. The Jains were unsatisfied with the results. They again attempted to remove the case to federal court on February 22, 2021, and were again rebuffed by the federal court. The Jains appealed, and we consolidated their appeals.

## II.

First, we address whether the district court erred in dismissing the plaintiffs' amended complaint without leave to amend. We review *de novo* the dismissal of a complaint for failure to state a

claim. *See Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (citing *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003)). We accept factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *See id.* (citing *Hill*, 321 F.3d at 1335). Though *pro se* parties are held to a less stringent pleading standard than represented parties, they still must plead "some factual support for a claim." *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015). When a more carefully drafted complaint might state a viable claim, a *pro se* plaintiff must be given at least one chance to amend a complaint before a district court dismisses the action with prejudice. *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) (quoting *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018)). But a court need not grant leave to amend the complaint if further amendment would be futile. *See id.* at 1133 (quoting *Woldeab*, 885 F.3d at 1291). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed." *Id.* (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).

Section 1983 provides a cause of action by private citizens against government actors for violating their constitutional rights and other federal laws. *See* 42 U.S.C. § 1983. The challenged conduct must have (1) deprived the plaintiff of a right secured by the Constitution or laws of the United States and (2) been committed by a person acting under color of state law. *See Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1276–77 (11th Cir. 2003). A private party will be viewed as a state actor for § 1983 purposes only in rare circumstances. *See Rayburn ex rel. Rayburn v.*

*Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (quoting *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992)). To conclude that private parties are state actors, a court must conclude that (1) "the [s]tate has coerced or at least significantly encouraged the action alleged to violate the Constitution" (the "state compulsion test"), *id.*; (2) "the private parties performed a public function that was traditionally the exclusive prerogative of the [s]tate" (the "public function test"), *id.*; or (3) the state was in such "a position of interdependence with the [private parties] that it was a joint participant in the enterprise[]" (the nexus or joint action test), *id.* (alterations in original) (quoting *NBC, Inc. v. Commc'ns Workers of Am.*, 860 F.2d 1022, 1026–27 (11th Cir. 1988)).

There are two sued parties here: lawyers and state court judges. "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983." *Polk County v. Dodson*, 454 U.S. 312, 318 (1981) (quotation marks omitted). Moreover, a plaintiff must plead a § 1983 conspiracy claim with particularity describing the nature of the conspiracy, not just claim that one existed. *See Fullman v. Graddick*, 739 F.2d 553, 556–57, 561 (11th Cir. 1984). Therefore, the lawyers sued here are not state actors; and the Jains have not come close to pleading, and cannot plead, facts that could support a viable conspiracy claim under § 1983.

Judges enjoy absolute judicial immunity from damages for acts taken in their judicial capacity as long as they did not act "in the clear absence of all jurisdiction." *Sibley v. Lando*, 437 F.3d 1067,

1070 (11th Cir. 2005) (quotation marks omitted) (quoting *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)). Absolute judicial "immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* (quoting *Bolin*, 225 F.3d at 1239). Whether a judge's actions were done in his judicial capacity depends on whether "(1) the act complained of constituted a normal judicial function[,] (2) the events occurred in the judge's chambers or in open court[,] (3) the controversy involved a case pending before the judge[,] and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Id.* (citing *Scott v. Hayes*, 719 F.2d 1562, 1565 (11th Cir. 1983)). Here, the judges sued were acting in their official capacity governing a state court case over which they had jurisdiction, giving them absolute judicial immunity.

Thus, amendment would have been futile given that each of the defendants was either a lawyer who was not a state actor or a state judge entitled to judicial immunity. Therefore, the district court did not err in dismissing the Jains' complaint without leave to amend.

## III.

Second, we address whether the district court had jurisdiction to consolidate two of the cases and to enter an endorsed remand order after the initial order had been appealed. We review *de novo* whether the district court had jurisdiction over a matter while an order is pending on appeal. *See United States v. Tovar-Rico*, 61 F.3d 1529, 1532 (11th Cir. 1995) (citing *Mars v. Mounts*, 895 F.2d

1348, 1351 (11th Cir. 1990)). The filing of a notice of appeal normally divests the district court of authority to proceed with respect to any matters involved in the appeal. *See Johnson v. 3M Co.*, 55 F.4th 1304, 1309 (11th Cir. 2022) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). However, the district court is not divested of jurisdiction to address matters that do not affect the questions or claims presented on appeal. *See id.* Here, the argument is that the district court did not have jurisdiction to consolidate the case with the first complaint, which had a notice of appeal filed, with the case associated with the third complaint or to issue the endorsed remand order. But the consolidation did not completely merge the two cases and did not affect the issues already on appeal in the first case. The endorsed remand order consolidated the original case with the removal case, which alleged new violations of the Jains' civil rights based on a newly assigned judge and granted remand as to the Jains' new request for removal in the original case alleging new violations of discrimination in state court. These actions do not impact what was already on appeal. Therefore, the district court had jurisdiction to consolidate the cases and issue the endorsed remand order because the new request for removal involved new allegations of discrimination unrelated to the pending appeal.

## IV.

Third, we address whether the district court abused its discretion in consolidating two of the plaintiffs' district court cases. We review a district court's ruling on whether consolidation is

appropriate for an abuse of discretion. *See Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 760 (11th Cir. 1995) (citing generally *Whiteman v. Pitrie*, 220 F.2d 914 (5th Cir. 1955); *Dupont v. S. Pac. Co.*, 366 F.2d 193 (5th Cir. 1966); *Alley v. Chrysler Credit Corp.*, 767 F.2d 138 (5th Cir. 1985)). Thus, we must affirm unless we determine that the district court has made a clear error of judgment or has applied an incorrect legal standard. *See Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty.*, 402 F.3d 1092, 1104 (11th Cir. 2005) (quoting *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004)).

Federal Rule of Civil Procedure 42 permits a federal court to consolidate actions before it if they involve a common question of law or fact. *See* Fed. R. Civ. P. 42(a)(2). We have encouraged trial judges to use Rule 42(a) to eliminate unnecessary repetition and confusion. *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (quoting *Dupont*, 366 F.2d at 195). This is a discretionary decision; but in exercising its discretion, the court must consider (1) whether the specific risks of prejudice and confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues; (2) the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits; (3) the length of time required to conclude multiple suits compared to a single one; and (4) the relative expense of all concerned. *See id.* (quoting *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982)).

Here, the district court did not abuse its discretion in consolidating the two district court cases because they involved a

common question of law and fact regarding removal, and consolidation avoided unnecessary repetition and confusion.

## V.

Fourth, we dispose of the Jains' argument that 28 U.S.C. § 1447(c) is unconstitutional. We review *de novo* the constitutionality of a statute. *See Ranch House, Inc. v. Amerson*, 238 F.3d 1273, 1277 (11th Cir. 2001). Generally, we will not consider an issue not raised in the district court. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). But we may exercise our discretion to consider a forfeited issue if, among other reasons, the proper resolution is beyond any doubt. *See id.* at 1332. Here, the Jains did not raise a constitutional argument about 28 U.S.C. § 1447(c) below, and we see no reason to exercise our discretion to address this issue for the first time on appeal. Therefore, we decline to address the merits of the Jains' argument that 28 U.S.C. § 1447(c) is unconstitutional because they forfeited that argument by failing to raise the issue below.

## VI.

Fifth, we dispose of the Jains' argument that the district court erred in denying their motion to remove because they were defendants and complied with 28 U.S.C. § 1443. We review *de novo* a decision to remand a case to state court for lack of subject matter jurisdiction. *See Spencer v. Specialty Foundry Prods. Inc.*, 953 F.3d 735, 739 (11th Cir. 2020) (citing *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1194 (11th Cir. 2007)). When an appellant fails to challenge every

stated ground for a judgment that is based on multiple independent grounds, he is deemed to have abandoned that challenge, which results in the judgment being affirmed. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) (citing *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1306 (11th Cir. 2012)). But if an issue is abandoned because it is not raised in the initial brief on appeal, we deem that issue forfeited. *See United States v. Campbell*, 26 F.4th 860, 871–73 (11th Cir. 2022) (en banc). It is solely within our discretion whether we address such an issue, but "the issue may be raised by the court *sua sponte* in extraordinary circumstances after finding that one of our *Access Now* forfeiture exceptions applies." *Id.* at 873 (citing generally *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324 (11th Cir. 2004)).

Ordinarily, we lack jurisdiction to review an order remanding a case to state court; but when a case is removed pursuant to 28 U.S.C. § 1442 or 28 U.S.C. § 1443, we may review the remand order. *See* 28 U.S.C. § 1447(d). Section 1443 permits a defendant in a state civil action to remove the action to federal court if the action is (1) against a person who is denied or cannot enforce in the state courts "a right under any law providing for the equal civil rights of citizens of the United States" or (2) "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." *Id.* § 1443. A defendant must file a notice of removal no later than 30 days after receipt of a copy of the initial removable pleading. 28 U.S.C. § 1446(b)(1).

Here, the Jains argue that the district court erred in denying their motion to remove because they were defendants and complied with 28 U.S.C. § 1443. But the Jains did not challenge the independent ground that they had not removed the action in a timely manner and had missed the deadline. We see no reason to resurrect this forfeited argument. Therefore, we need not address whether the Jains were defendants or whether removal was proper under § 1443 because we may—and do—affirm based on the unchallenged independent ground that their removal attempts were untimely.

## VII.

Sixth, we now turn to the Jains' argument that the endorsed remand order was ineffective because it was not written and formally mailed. We interpret federal statutes *de novo*. *See Burlison v. McDonald's Corp.*, 455 F.3d 1242, 1245 (11th Cir. 2006) (citing *United States v. Trainor*, 376 F.3d 1325, 1330 (11th Cir. 2004)). 28 U.S.C. § 1447(c) sets forth the procedure after removal and states that "[a] certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case." 28 U.S.C. § 1447(c).

In *Johnson v. Estelle*, the district court orally remanded a criminal case to state court; and two days later the defendant was convicted of burglary in state court. *See* 625 F.2d 75, 76–77 (5th Cir. 1980). The Fifth Circuit—whose decisions rendered prior to October 1, 1981, we have adopted as binding precedent, *see Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc)—

stated that § 1447(c)'s mailing requirement posed a potential problem because there was no evidence the remand order had been written until over a month later or when, if ever, it was mailed to the state court. *See Johnson*, 625 F.2d at 77–78. It noted that the order was backdated to the day of the announcement of remand. *See id.* at 78. The Fifth Circuit concluded that "substance must control form" and noted that both parties received notice of the remand and tried the burglary case without objection. *Id.* It concluded that the announcement in open court coupled with a backdated order complied with the statute and vested jurisdiction in the state court, even though there was no evidence it was ever mailed. *See id.*

In *Roman Catholic Archdiocese of San Juan v. Feliciano*, 140 S. Ct. 696 (2020), the Supreme Court held that a Puerto Rican court lacked jurisdiction to issue orders during the time between the federal district court's dismissal of the case and its remand to the Puerto Rican court five months later. *See id.* at 699–700. The Supreme Court held that the district court's later order making the remand order effective as of the earlier date of the action's dismissal did not change the fact that nothing happened to remand the case on that earlier date. *See id.* at 700–01. Moreover, it held that the case remained in federal court until the district court reached a decision about the motion to remand that was pending before it and the state court's actions in the interim were void. *See id.* at 701.

*Roman Catholic Archdiocese of San Juan* is distinguishable from our earlier precedent in *Johnson* because *Roman Catholic Archdiocese of San Juan* involved a situation in which there was not any remand

order when the Puerto Rican court acted—meaning the Puerto Rican court still lacked jurisdiction. On the contrary, *Johnson* addressed an oral remand order—meaning there was no jurisdictional problem. Here, under *Roman Catholic Archdiocese of San Juan* and *Johnson*, the endorsed remand order was effective for jurisdictional purposes when the order was entered on the federal district court docket—thereby vesting the state court with jurisdiction.

Having determined that the state court had jurisdiction, we must still evaluate whether there was a statutory problem under 28 U.S.C. § 1447(c). Section 1447(c) requires that a federal clerk mail a certified copy of the order of remand to the clerk of the state court. *See* 28 U.S.C. § 1447(c). Our case law instructs us to place substance over form in analyzing compliance with this statutory requirement. *See Johnson*, 625 F.2d at 78 ("[S]ubstance must control form.").

We will start with the sequence of events in this specific case. The plaintiffs had baselessly removed an earlier action to federal court and were remanded to state court. Then, after a removal in this case—the Jains' second removal in these various legal actions—on February 10, 2021, the federal district court remanded the plaintiffs' case to state court and ordered the clerk of the federal court to send a certified copy of the remand order by mail to the state court clerk in accordance with § 1447(c). The state court received that document on February 18, 2021. In that document, the federal district court warned the Jains to not baselessly remove the case to federal court again. But also on February 18, 2021, as a delay

tactic, the plaintiffs removed the case to federal court again, despite no change in circumstances since the previous remand.

By this time, the plaintiff and defendants had already been litigating the substantive claims in state court. The state court commenced its planned hearing at 9:05 A.M. on February 19, 2021, with all parties present but recessed the hearing after the plaintiffs informed the state court of the last-minute removal. Shortly thereafter, the federal district court ordered the case remanded to state court again, vesting the state court with jurisdiction. *See Roman Catholic Archdiocese of San Juan*, 140 S. Ct. at 701. Then the federal district court informed the state court of its remand order. Next, the state court informed the plaintiffs that the case had been remanded to state court and proceeded with their full knowledge, so there was no notice problem. Moreover, because they had already litigated the issues in state court in their filings before this point, there was no due process problem with proceeding in their absence after they refused to participate in the hearing after the morning recess.

Under these facts and our binding case law requiring us to consider substance over form with this statutory provision, the statutory requirement was satisfied. A contrary result would be untenable: it would allow plaintiffs to baselessly remove cases repeatedly—despite having been remanded to state court already with a certified copy sent by mail—to avoid decisions in their state cases. The federal court satisfied the substance of Section 1447(c) by

giving the state court and parties notice of its second remand in this action.

## VIII.

Seventh, we review the district court's decision to deny the Jains from having electronic filing access. We "review a district court's application of local rules for an abuse of discretion." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1302 (11th Cir. 2009). "We give 'great deference to a district court's interpretation of its local rules.'" *Id.* (quoting *Clark v. Hous. Auth. of Alma*, 971 F.2d 723, 727 (11th Cir. 1992)). The appellant bears the burden of showing that the district court made a clear error of judgment. *See id.* The Middle District of Florida allows the court to prescribe by administrative order procedures governing electronic filing. *See* M.D. Fla. R. 1.01(c). The Middle District of Florida's administrative procedures governing electronic filing state that a *pro se* litigant is not permitted to file documents on CM/ECF without a court order. *See* M.D. Fla., "Administrative Procedures for Electronic Filing" (rev. effective Dec. 1, 2022), at B.5. This was the rule at the time of the district court's actions as well. Here, the district court did not abuse its discretion in denying the Jains' motions for electronic filing access because it followed its local rules prohibiting *pro se* litigants from filing electronically and found that the plaintiffs had not established a special circumstance to receive an exemption from the default rule.

**IX.**

Eighth, we address the district court's pre-filing injunction against the Jains. We review a pre-filing injunction against litigants for an abuse of discretion. *See Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008) (citing *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1096 (11th Cir. 2004)). District courts possess the power to issue pre-filing injunctions "to protect against abusive and vexatious litigation." *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993). We have explained that a "court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others" and that a litigant "can be severely restricted as to what he may file and how he must behave in his applications for judicial relief." *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) (en banc). "The only restriction . . . is that a litigant cannot be 'completely foreclosed from *any* access to the court.'" *Martin-Trigona*, 986 F.2d at 1387. We have emphasized that "[c]onsiderable discretion necessarily is reposed in the district court" in crafting such an injunction. *Id.* (alteration in original) (quoting *Procup*, 792 F.2d at 1074). Before entering or modifying an injunction, the court is required to provide a litigant with notice and the opportunity to be heard. *See Doe, 1-13 ex rel. Doe Sr. No's 1-13 v. Bush*, 261 F.3d 1037, 1063–64 (11th Cir. 2001).

Here, the district court did not abuse its discretion in granting a pre-filing injunction because the Jains had filed numerous frivolous post-judgment motions and because the district court's requirement that the Jains receive approval from the magistrate

judge to file future filings did not completely foreclose access to the court. Additionally, the district court provided the Jains with due process before imposing the pre-filing injunction by giving them notice of the possibility of sanctions and the opportunity to respond to the show cause order.

## X.

Ninth, we address whether the district court violated the Jains' Seventh Amendment rights to a jury trial by dismissing their initial complaint. The Seventh Amendment provides that "[i]n [s]uits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII. A "district court does not intrude on the constitutional role of the jury when it considers whether a complaint [or individual claim] fails as a matter of law" before trial. *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 920 (11th Cir. 2018) (stating that summary judgment does not violate the Seventh Amendment). Here, the district court did not violate the Seventh Amendment by dismissing the Jains' amended complaint without a jury trial because dismissing a complaint before trial for failure to state a claim does not violate the Seventh Amendment.

## XI.

Finally, we address two procedural points.

First, the appellees moved to strike portions of the Jains' reply brief that had discussed the appellees' standing and moved in the alternative for leave to file a sur-reply brief. We must satisfy

ourselves that there is standing. *See Va. House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1951 (2019). Thus, although arguments for standing that first appear in a reply brief would be forfeited, we will not strike arguments for lack of standing even though they first appear in a reply brief. *See id.* The standing issue is clear-cut. The judicial appellees are not required to have standing to respond in this appeal because they did not seek appellate review and are not challenging any action taken by the district court. *See id.* (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997)). They are merely filing a response brief to the Jains' arguments. Thus, although we must address arguments about a lack of standing, the Jains' standing arguments fail. Consequently, we **DENY** the appellees' motion to strike portions of the Jains' reply brief and **DENY** as moot the appellees' alternative motion for leave to file a sur-reply brief about the standing arguments.

Second, because we hold that the Jains' forfeited their arguments that 28 U.S.C. § 1447(c) is unconstitutional, we **DENY** as moot the Jains' motion to certify a question regarding the constitutionality of § 1447(c) to the Attorney General of the United States.

Based on the foregoing analysis, we **AFFIRM**.